[No. 14031.  Department One.  September 14, 1917.]

## The City of Seattle, *Respondent*, v. Hence Brookins, *Appellant*.[1]

Intoxicating Liquors—Prohibitive Ordinance—Municipal Corporations—Powers.  A city ordinance providing that prescriptions for intoxicating liquors shall not be issued by physicians unless there is good reason to believe that the applicant is actually sick and that the liquor is required as medicine, is not invalid as a prohibitive ordinance, but is authorized by Rem. Code, § 7507, enumerating the powers of a city of the first class, and authorizing such cities to regulate the sale of intoxicating liquors.

Same—Prohibition — State Law — Exclusiveness — Powers of City.  The state-wide prohibition law does not deprive a city of the power to legislate upon the same subject, so long as the city ordinance does not conflict with the state law, there being nothing in the act to show such intention.

Constitutional Law—Police Power—Possession of Liquor.  It is within the exercise of the police power to prohibit the possession of intoxicating liquors in excess of a specified amount.

Intoxicating Liquors—Unlawful Possession — Evidence — Sufficiency.  A conviction of possessing intoxicating liquors in excess of two quarts is sustained where the accused admitted the possession of two quarts of whiskey which he claimed belonged to another and a half quart of absinthe; and especially where there was evidence to justify a finding that he had possession of other intoxicating liquors.

Same — Unlawful Possession — Evidence — Ownership.  In a prosecution for violating a city ordinance prohibiting the possession of more than two quarts of intoxicating liquors, evidence as to the ownership of the liquor is immaterial.

Criminal Law—Appeal—Review—Harmless Error.  In a prosecution for possessing an excess quantity of intoxicating liquors, error cannot be predicated upon a mistake in instructions as to the place charged, where it was a mere inadvertence that could not have misled the jury.

Intoxicating Liquors—Unlawful Possession—Ownership — Instructions.  In a prosecution for violating a city ordinance prohibiting the possession of more than two quarts of intoxicating liquors, it is proper to instruct that the ownership of the liquors is immaterial.

[1]Reported in 167 Pac. 940.

CRIMINAL LAW—APPEAL—REVIEW—HARMLESS ERROR. Where no instructions were requested, error cannot be predicated upon the failure to give instructions upon the accused's theory of the case.

Appeal from a judgment of the superior court for King county, Jurey, J., entered November 18, 1916, upon a trial and conviction of violating the state-wide prohibition law. Affirmed.

*Fred C. Brown,* for appellant.

*Hugh M. Caldwell* and *Thomas J. L. Kennedy,* for respondent.

MAIN, J.—The defendant in this case was charged, by complaint in the police court, with having in his possession more than two quarts of intoxicating liquor other than beer, contrary to an ordinance of the city of Seattle. The trial in that court resulted in sustaining the charge, and the defendant thereupon appealed to the superior court. In the latter court, the trial resulted in a verdict of guilty. From the sentence and judgment entered upon the verdict, the appeal is prosecuted.

The facts are briefly these: On the 3d day of May, 1916, and for some time prior thereto, the appellant was, and had been, conducting, as president or manager, what is referred to as a business men's club, at 216 James street, in the city of Seattle. On the night of the day mentioned, the place was visited by two police officers, and two quarts of whiskey and one half quart of absinthe were found in the safe therein; three pints of whiskey in a storeroom opening off the principal club room, and one pint of whiskey behind the soft-drink bar. The appellant admitted that the two quarts of whiskey and the half quart of absinthe found in the safe was in his possession, but claimed that the whiskey was owned by another party. As to the three pints of whiskey in the storeroom and the one pint behind the bar, he disclaimed having any knowledge.

The first two points made upon the appeal are (a) that the city had no power to pass the ordinance under which the appellant was charged and convicted, and (b) that the state, by the passage of initiative measure No. 3 (Laws of 1915, p. 2; Rem. Code, § 6262-1), expressed an intention of removing the subject of intoxicating liquors from the control of municipalities. These two points are answered adversely to appellant's contention in the recent case of *Seattle v. Hewetson*, 95 Wash. 612, 164 Pac. 234, and, under the holding in that case, the contentions are not well founded.

The next point is that, if the possession of an excess amount of intoxicating liquor is a substantive offense irrespective of intent, then the ordinance is unconstitutional and void. By § 20 of the ordinance it is made unlawful for any person to have in his possession more than one-half gallon or two quarts of intoxicating liquor other than beer. This section of the ordinance is substantially a reenactment of section 22 of initiative measure No. 3 (Laws of 1915, p. 14, § 22; Rem. Code, § 6262-22) ; and if one is unconstitutional, the other would be also. Legislation, whether municipal or state, relating to intoxicating liquors is an exercise of the police power. In the exercise of such power it is within the province of the legislature to prohibit the possession of intoxicating liquor in excess of a specified amount. *State v. Fabbri*, *anté* p. 207, 167 Pac. 133; *Ex parte Crane*, 27 Idaho 671, 151 Pac. 1006; *Mugler v. Kansas*, 123 U. S. 623; *Barbour v. State*, 146 Ga. 667, 92 S. E. 70.

In the last case cited it was said:

"For the reasons above stated the state may not only limit the quantity of liquor a person may possess, but it may forbid him to possess any at all, whether acquired before the law became effective, or afterward, this power being a necessary incident to the main purpose of the legislation, and to the enforcement of the law. All provisions of this law are incidental to the main purpose. Ownership and property rights are distinct from the matter of possession. But neither ownership, nor property rights, nor possession will be permitted

to hinder the operation of laws enacted for the public welfare. Man possesses no right under the law or constitutions, state or Federal, which is not subservient to the public welfare. The public, through its proper channels, may commandeer a proportion of his property or his income for the support of the government. At his death it may subject to the public use a portion of his estate; and when necessary for the public defense in times of war, it may conscript such citizens as are required, and expend their very life blood that the state may live. Under the police power it may slaughter diseased cattle; it may destroy unwholesome food; it may compel vaccination; it may confine the insane or those afflicted with contagious disease; suppress obscene publications and houses of ill-fame (*Lawton v. Steele*, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385); and require sanitary conditions in the homes and premises of citizens even against their will. It would be preposterous then to deny the power of the state to forbid the possession by its citizens of that which is destructive of the public welfare, or its right to destroy entirely such baneful products when necessary to protect the morals, the health, and the safety of the public."

The next point is that the evidence was wholly insufficient to justify submitting the case to the jury. The ordinance above referred to, under which the appellant was charged, made possession of more than two quarts of intoxicating liquor other than beer unlawful. The appellant admitted that the two quarts of whiskey and the half quart of absinthe taken from the safe was in his possession. This alone would sustain a conviction under the ordinance. In addition, however, the evidence would justify a finding by the jury that the three pints of whiskey in the storeroom and the one pint behind the bar were also in the possession of the appellant. He was the president or manager of the club and any profits that might be derived from the operation thereof belonged to him.

The next point is that the trial court erred in refusing to permit the appellant to testify as to a conversation he had with the officers at the time of his arrest relative to the ownership of the whiskey, but there was no prejudicial error in

this regard because, under the ordinance which made possession unlawful, the ownership was entirely immaterial.

There are two assignments of error as to the instructions given to the jury. The complaint charged, and the evidence showed, that the liquor was found at 216 James street. The court, in stating the charging part of the complaint to the jury, said that the defendant was charged with having in his possession, at 222 Occidental avenue, more than two quarts of intoxicating liquor other than beer. This was merely an inadvertence and could in no sense have misled the jury or been prejudicial to the accused.

The other assignment of error relating to the instructions challenges the correctness of the instruction in which the jury were told that the ownership of the liquor was immaterial and that the question for them to determine was whether the appellant had the liquor in his possession. This instruction was in accordance with the ordinance, and the giving of it was not error. The appellant made no request for instructions and, consequently, no error can be predicated upon the court's failure to instruct upon his theory of the defense.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.