[No. 26705. *En Banc.* July 27, 1937.]

THE STATE OF WASHINGTON, *on the Relation of R. E. Thornbury, Appellant,* v. L. E. GREGORY *et al., as the State Liquor Control Board, Respondents.*[1]

[1]Reported in 70 P. (2d) 788.

*Harold P. Troy* and *Julia Waldrip Ker,* for appellant.

*The Attorney General* and *R. G. Sharpe, Assistant,* for respondents.

*Ernest H. Campbell, amicus curiae.*

BEALS, J.—Plaintiff, R. E. Thornbury, operates a restaurant in the city of Olympia and has been licensed by the Washington state liquor board (hereinafter referred to as the Board) to·sell wines and beer. Under authority of Rem. Rev. Stat. (Sup.), § 7306-79 [P. C. § 3180-89] (Washington state liquor act, Laws 1933, Ex. Ses., chapter 62, p. 173, § 79), the Board promulgated certain regulations, by one of which the sale of beer and wine by a licensee was prohibited from midnight Saturday of each· week to six o'clock on the following Monday morning.

Mr. Thornbury filed in the superior court for Thurston county his petition, alleging that he was conducting a restaurant in the city of Olympia and in connection therewith selling beer and wine, under license from the Board. He further alleged that, during the hours referred to in the regulation, he ordinarily sold a considerable quantity of beer and wine to patrons of his restaurant; that the Board's regulation above referred to was in excess of the powers and rights vested in the Board by law; and that the enforcement of this regulation would leave plaintiff without adequate or immediate remedy. Plaintiff therefore prayed for an order enjoining the Board from enforcing its regulation. He also asked for general relief.

The Board demurred to Mr. Thornbury's petition on the following grounds:

"(1) That the court has no jurisdiction of the subject matter of the action;

"(2) That the relator has no legal capacity to sue;

"(3) That said petition does not state facts sufficient to constitute a cause of action or entitle relator to the relief prayed for or to any relief."

After argument, the trial court sustained the demurrer, whereupon plaintiff elected to stand upon his petition and refused to plead further. The court then entered judgment dismissing the action with prejudice, from which judgment plaintiff has appealed.

The sole question presented is the sufficiency of appellant's petition to entitle him to relief. Appellant argues, first, that the ownership of his business and the enjoyment of his license to sell beer and wine vest in him a sufficient property right to entitle him to maintain this action and obtain relief against what he argues is an abuse of the regulatory power vested in the Board by statute; that the enforcement of the regulation will cause him to suffer irreparable damage, and that he has no speedy or adequate remedy at law; and finally, that the regulatory power vested in the Board by statute does not vest the Board with authority to absolutely prohibit, during any specified day or days, the sale of beer and wine by one enjoying such a license as that issued to appellant.

For the purposes of this case, we will assume, without deciding, that appellant is entitled to maintain such an action as this, for the reason that no speedy or adequate remedy at law is available to him and that, if the regulation be, in fact, illegal, he would suffer irreparable damage.

Appellant admits that, generally speaking, there is no property right in such a license as he enjoys, but argues that, while this rule may operate to prevent his maintaining an action to enjoin revocation of his li-

cense, he does enjoy under his license a privilege which authorizes him to maintain a property action against any person other than the state of Washington, if it be attempted to unlawfully restrict his license.

In the recent case of *State v. Thornbury*, 190 Wash. 549, 69 P. (2d) 815, this court held that Rem. Rev. Stat., § 2494 [P. C. § 9122], forbidding sales of certain personal property on the first day of the week, was not repealed by implication by chapter 62, Laws 1933, Ex. Ses., p. 173, above referred to. The question presented in the case at bar has not been rendered moot by the recent decision above referred to, as the regulation of the Board here under attack prohibits the sale of beer and wine from midnight each Saturday until six o'clock the following Monday morning, covering, therefore, a period of six hours after the close of the first day of the week. If, then, the holders of licenses issued by the Board cannot sell beer and wine between midnight Sunday and six o'clock the following morning, the prohibition against such sales is found in the regulation promulgated by the Board, and not in the statute.

The following sections of the act are pertinent to this inquiry:

Rem. Rev. Stat. (Sup.), § 7306-2 [P. C. § 3180-12], (Laws 1933, Ex. Ses., chapter 62, p. 173, § 2): "This entire act shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose."

Rem. Rev. Stat. (Sup.), § 7306-27 [P. C. § 3180-37], subd. (5) (Laws 1933, Ex. Ses., chapter 62, p. 188, § 27, subd. (5)): "Every license issued under this section shall be subject to all conditions and restrictions imposed by this act or by the regulations in force from time to time."

Rem. Rev. Stat. (Sup.), § 7306-79 [P. C. § 3180-89], (Laws 1933, Ex. Ses., chapter 62, p. 211, § 79): "1. For

the purpose of carrying into effect the provisions of this act according to their true intent or of supplying any deficiency therein, the board may make such regulations not inconsistent with the spirit of this act as are deemed necessary or advisable. All regulations so made shall be a public record and filed in the office of the secretary of state, together with a copy of this act, shall forthwith be published in pamphlets, which pamphlets shall be distributed free at all liquor stores and as otherwise directed by the board, and thereupon shall have the same force and effect as if incorporated in this act.

"2. Without thereby limiting the generality of the provisions contained in subsection (1), it is declared that the power of the Board to make regulations in the manner set out in that subsection shall extend to . . .

"l. regulating the sale of liquor kept by the holders of licenses which entitle the holder to purchase and keep liquor for sale; . . .

"r. Prescribing the conditions, accommodations and qualifications requisite for the obtaining of licenses to sell beer and wines, and regulating the sale of beer and wines thereunder; . . ."

■ ■ The regulation and control of the liquor traffic is manifestly a problem of the greatest difficulty and importance, involving an immense amount of detail and including many matters which, if successful operation and control is to be established and maintained, must be left to some regulatory body other than the state legislature.

In the case of *Tacoma v. Keisel,* 68 Wash. 685, 124 Pac. 137, this court, in upholding an anti-treating ordinance enacted by the city of Tacoma, said:

"The modern conception of the legal status of the liquor traffic in the United States is clearly expressed by Justice Field, speaking for the supreme court of the United States in *Crowley v. Christensen,* 137 U. S. 86, 91, as follows:

" 'By the general concurrence of opinion of every civilized and Christian community, there are few sources of crime and misery to society equal to the dram shop, where intoxicating liquors, in small quantities, to be drunk at the time, are sold indiscriminately to all parties applying. The statistics of every state show a greater amount of crime and misery attributable to the use of ardent spirits obtained at these retail liquor saloons than to any other source. The sale of such liquors in this way has therefore been, at all times, by the courts of every state, considered as the proper subject of legislative regulation. Not only may a license be exacted from the keeper of the saloon before a glass of his liquors can be thus disposed of, but restrictions may be imposed as to the class of persons to whom they may be sold, and the hours of the day and the days of the week on which the saloons may be opened. Their sale in that form may be absolutely prohibited. It is a question of public expediency and public morality, and not of federal law. The police power of the state is fully competent to regulate the business—to mitigate its evils or to suppress it entirely. There is no inherent right in a citizen to thus sell intoxicating liquors by retail; it is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attendant with danger to the community it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils.' "

The right of the state to control the traffic in intoxicating liquors has been recognized by this court in the following decisions: *Gottstein v. Lister*, 88 Wash. 462, 153 Pac. 595, Ann. Cas. 1917D, 1008; *State v. Hemrich*, 93 Wash. 439, 161 Pac. 79, L. R. A. 1917B, 962; *State v. Fabbri*, 98 Wash. 207, 167 Pac. 133; *Seattle v. Brookins*, 98 Wash. 290, 167 Pac. 940; *Ajax v. Gregory*, 177 Wash. 465, 32 P. (2d) 560.

In the case of *Vail v. Seaborg*, 120 Wash. 126, 207 Pac. 15, this court upheld certain regulations promulgated by the state fisheries board, under authority of

chapter 7, Laws of 1921, the regulation under attack prohibiting the taking of salmon from the waters of Puget Sound during certain specified days by any appliance save hook and line, and forbidding the sale and disposal of salmon caught by the permitted method. It was held that the regulations promulgated by the board constituted a valid exercise of the powers vested in the board by statute.

The analogy between the case cited and the case at bar is close. In the former, the state was dealing with its own property—food fish within its waters. In the case at bar, the state is dealing with a problem over which its control under the police power was, by this court, defined in the case of *Ajax v. Gregory*, 177 Wash. 465, 32 P. (2d) 560, as follows:

"The right of the state, in the exercise of its police power, to either prohibit entirely the sale of intoxicating liquors or regulate the sale thereof is thoroughly established. The manner and extent of the regulation, if there be regulation, rests in the legislative judgment of the state, and is a matter of legislative policy. *Crowley v. Christensen*, 137 U. S. 86, 11 Sup. Ct. 13; *Tacoma v. Keisel*, 68 Wash. 685, 124 Pac. 137, 40 L. R. A. 757."

It should be noted that the right of a New York board, acting under statutory authority, to adopt rules and regulations concerning the manufacture, sale and distribution of liquors, was upheld in the case of *Silberglied v. Mulrooney*, 150 Misc. 251, 270 N. Y. Supp. 290.

Appellant argues that the power to regulate does not include the power to prohibit, and that the prohibition of sales of beer and wine during certain hours or days constitutes prohibition rather than regulation, and is beyond the statutory power of the Board. This court, *In re Ferguson*, 80 Wash. 102, 141 Pac. 322, held that the prohibition of operation of theatres on Sunday was a regulation and not a total prohibition,

and that, while the power to regulate does not necessarily imply the power to prohibit or suppress, such power does confer

" ' . . . authority to confine the business referred to to certain hours of the day, to certain localities or buildings in the city, and to prescribe rules for its prosecution within those hours, localities, and buildings.' "

In several recent decisions, legislative delegation of powers to a board or administrative officer authorizing the regulation of the production and sale of milk has been upheld. *Reynolds v. Milk Commission,* 163 Va. 957, 179 S. E. 507; *State ex rel. State Board of Milk Control v. Newark Milk Co.,* 118 N. J. Eq. 504, 179 Atl. 116; *Muller Dairies v. Baldwin,* 242 App. Div. 296, 274 N. Y. Supp. 975; *Shelton v. Shelton,* 111 Conn. 433, 150 Atl. 811; *New York ex rel. Lieberman v. Vandecarr,* 199 U. S. 552, 26 S. Ct. 144, affirming 175 N. Y. 440, 67 N. E. 913. In other cases, statutes conferring upon administrative officers authority to promulgate regulations concerning the use of motor vehicles on the highways have been upheld as not obnoxious to the rule against delegation of legislative powers. Many of these cases are discussed in 87 A. L. R. 547, *et seq.*

Our attention is also called to the opinion of the United States district court for the western district of Michigan, in the case of *Zukeites v. Fitzgerald,* filed December 15, 1936, but so far unreported. The case is referred to in the publication known as Liquor Control Law Service of Commerce Clearing House, Inc., at page 3336. It appears that the United States court held that certain regulations adopted by the Liquor Control Commission of Michigan violated neither the commerce nor equal protection clauses of the constitution of the United States, and were not in excess of the powers of the state commission.

██ Appellant argues that, because the statute (Rem. Rev. Stat. (Sup.), § 7306-11 [P. C. § 3180-21]) provides that

"No sale or delivery of liquor shall be made on or from the premises of any state liquor store, nor shall any store be open for the sale of liquor, on Sunday,"

and § 7306-79 [P. C. § 3180-89] expressly grants to the Board authority to fix the hours during which state liquor stores shall be kept open, it should be held that it appears it was the legislative intent not to grant to the Board authority to prohibit the sale of beer and wine by licensees during certain specified hours or days. No such legislative intent as that contended for by appellant appears from the statute, and we hold that the sections thereof cited by appellant do not support his contention that it should be held that, for the reasons mentioned, the Board has no authority to fix the hours during which a licensee may sell beer and wine.

██ Appellant also argues that, if the Board has the power to forbid a licensee to sell beer or wine on one day of the week, it has authority to prohibit such sales entirely. This argument is not sound. The regulation here complained of forbids the sale of beer and wines on Sunday and during certain hours of Monday morning. In so far as the Sunday regulation is concerned, we have held that sales on that day are prohibited by the state law. The prohibition of such sales prior to six o'clock Monday morning is not an unreasonable regulation. The control of the liquor traffic at best is a most complicated and difficult problem. While each rule or regulation of such a board as is conducting the administration of the liquor law in this state may be tested before the courts by anyone who has the right to present the question that such rule or regulation transcends the lawful authority of the board, or

is in violation of any well recognized legal principle, it is self-evident that great latitude within the rules of established law must be accorded to such a board, if the sale of intoxicating liquor is to continue under such a statute as that in force within this jurisdiction, without bringing in its train such evils that the law will be repealed entirely. Courts will interfere with the work of such an administrative body only when it clearly appears that it has attempted to exceed its lawful authority.

Considering the regulation attacked by appellant in the case at bar, it cannot be held that, in promulgating the same, the Board has violated any rule of law, that it has exceeded its lawful authority, or that the rule should be held capricious, arbitrary or unreasonable.

The trial court properly held that appellant's petition failed to state facts sufficient to constitute a cause of action or to entitle appellant to any relief, and the judgment dismissing the action is accordingly affirmed.

STEINERT, C. J., MAIN, BLAKE, GERAGHTY, and TOLMAN, JJ., concur.

MILLARD, J. (dissenting)—I can not agree that the power of regulation claimed by respondent—it does imply the power to prohibit—may be delegated to the respondent board by the legislature. We, in common with other courts, have already gone too far in approving the legislative delegation of powers to boards. It is high time government by boards and commissions should be halted. We have ample laws now to take care of this situation. Liquor may be an outlaw, but that does not justify vesting a liquor regulatory body with legislative powers. The demurrer should be overruled.

HOLCOMB, J. (concurring in the result)—There is no possible analogy between the law dealing with food fish within its waters, which is the absolute property of the state as held in *Vail v. Seaborg,* 120 Wash. 126, 207 Pac. 15, and the law exercising control and police power over intoxicating liquor within this state. However, the result of the decision herein is right, and I concur in the result.

ROBINSON, J., concurs with HOLCOMB, J.

