[No. 44622. En Banc. February 16, 1978.]

ANDERSON, LEECH & MORSE, INC., ET AL, *Appellants,*
v. WASHINGTON STATE LIQUOR CONTROL BOARD,
*Respondent.*

*Victor V. Hoff,* for appellants.

*Slade Gorton, Attorney General,* and *John G. Hennen, Assistant,* for respondent.

HOROWITZ, J.—Appellants, tavern owners, appeal a declaratory judgment upholding a Washington State Liquor Control Board (Board) regulation, WAC 314–16–125, which, among other things, prohibits "topless table dancing" on licensed premises. The Supreme Court accepted certification from the Court of Appeals, Division Two.

Each appellant holds a license issued by the Board for the sale of alcoholic beverages and also holds a license issued by the city or county in which the licensee's business is located to provide entertainment on the licensee's business premises. Where permitted by the local jurisdiction the entertainment includes topless table dancing. Table dancing includes "topless table dancing", *i.e.,* where the entertainer dances topless for a small group of patrons much nearer to them than 6 feet and not on a raised platform. The entertainer generally receives a fee from patrons.

The Board filed a notice of intention to adopt, amend, or repeal rules and gave the required notice of hearings. Notice of intention to adopt regulation WAC 314–16–125 was later given. Appellants' attorney objected to the adoption of proposed WAC 314–16–125 both in writing and in oral presentation at the hearings. His principal objection was the regulation proposed was not within the statutory authority of the Board.

The Board nevertheless adopted the regulation proposed. That regulation prohibits acts or conduct on licensed premises generally characterized in the title of the regulation as "suggestive, lewd and/or obscene." The nature of the acts prohibited include the following:

WAC 314–16–125 Suggestive,. Lewd and/or Obscene Conduct on Licensed Premises. The following acts or conduct on licensed premises are prohibited:

(1) To employ or use any person in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the breast

below the top of the areola or of any portion of the pubic hair, anus, cleft of the buttocks, vulva or genitals.

. . .

(6) Subject to paragraph (5) herein, to permit entertainers whose breast and/or buttocks are exposed to view to perform elsewhere on the licensed premise except upon a stage at least eighteen inches above the immediate floor level and removed at least six feet from the nearest patron.

. . .

(10) Nothing in this rule is intended to modify the provisions of RCW 66.28.080 concerning city or county dancing or music permits.

(11) Notwithstanding any of the provisions of this rule, no licensee shall employ, use the services of, or permit upon his licensed premises, any entertainment or person whose attire or conduct is in violation of any city or county ordinance.

Violation of the regulation is made "good and sufficient cause for cancellation of license privileges." WAC 314–16–125(12).

Following adoption of WAC 314–16–125, appellants, pursuant to RCW 34.04.025(1)(b), requested the Board to issue a "concise statement" of the principal reasons for overruling the considerations urged against adoption. The Board furnished the concise statement requested.

The statement summarizes the principal reasons for adopting the regulation. These include: (1) the increase in arrests and citations during the last few years concerning disorderly persons on licensed premises, most of which involved topless table dancing; (2) licensees have argued in superior court that the present rules do not contain sufficiently specific standards to enable them to know what conduct is prohibited. WAC 314–16–125 will provide such standards.

The statement also summarizes three principal reasons against adoption of the regulation: (1) topless table dancing means money, (2) some dancers may become unemployed, (3) problems with topless table dancing can be controlled in other ways by local authorities.

The statement finally sets forth the Board's principal reasons for overruling the considerations urged against the adoption of WAC 314–16–125, namely: (1) considering the legislative directives in RCW 66.08.010, the public benefits derived from WAC 314–16–125 through a decrease in disorderly conduct outweigh possible revenue loss to some licensed premises and dancers; (2) other forms of local regulation can still be carried out.

Appellants then brought an action under RCW 34.04.070 for a declaratory judgment to determine the validity of the regulation and moved for a preliminary injunction. The court consolidated the hearing on the motion and trial on the merits. The parties filed a stipulation as to the facts. After the trial court entered judgment on July 25, 1975, upholding the validity of the regulation, the court determined: (1) the Board complied with all procedural requirements of RCW 34.04 (administrative procedures act); (2) the adoption of the regulation was within the statutory rule–making power of the Board, and (3) the power to adopt the regulation was not unconstitutionally delegated to the Board by the legislature. Appellants appealed.

Appellants, on appeal, make only two contentions: (1) WAC 314–16–125 is invalid because the "concise statement" required by RCW 34.04.025 does not address appellants' objection the regulation was not within the Board's statutory authority; and (2) the regulation is not within the Board's statutory authority.

Appellants make no claim the regulation violates the First Amendment because *California v. LaRue,* 409 U.S. 109, 34 L. Ed. 2d 342, 93 S. Ct. 390 (1972), rejected a similar claim. Moreover, appellants no longer claim there was an unlawful delegation of the rule–making authority to the Board, contending that there was no delegation at all authorizing the regulation.

We hold neither of the two contentions advanced are valid and affirm the appealed judgment.

## THE SUFFICIENCY OF THE "CONCISE STATEMENT"

■ Appellants cite no case determining what must be contained in the "concise statement." The purpose of such a statement is (1) to assure the agency actually considered all arguments made and (2) to facilitate court review. *See* 13 U.L.A. 245 (Supp. 1977); *National Nutritional Foods Ass'n v. Weinberger*, 512 F.2d 688 (2d Cir.), *cert. denied*, 423 U.S. 827, 46 L. Ed. 2d 44, 96 S. Ct. 44 (1975); *Natural Resources Defense Council, Inc. v. Securities & Exch. Comm'n*, 389 F. Supp. 689 (D.D.C. 1974). Moreover, RCW 34.04.025(1)(a)(i) requires the notice of intended action include a "reference to the authority under which the rule is proposed". The corresponding federal statute is to the same effect. 5 U.S.C. § 553(b) (1967); *Ringsby Truck Lines, Inc. v. United States*, 263 F. Supp. 552 (D. Colo. 1967); *Natural Resources Defense Council, Inc. v. Securities & Exch. Comm'n, supra.* When, therefore, lack of statutory authority is advanced as a principal reason against the adoption of the regulation that argument should be addressed by the agency in the concise statement.

■ The Board or agency, however, is required to be in "substantial" rather than strict compliance with the rule-making procedures under RCW 34.04.025. RCW 34.04.025(2). Although the concise statement did not address the issue of lack of statutory authority as comprehensively as might be desired, it did include a statement of the principal arguments for and against the adoption of the regulation and gave as a reason for overruling the considerations against the regulation "the legislative directives contained in RCW 66.08.010 . . ." Under the comparable federal requirements (5 U.S.C. § 553(c) (1967)), a concise statement has been held sufficient when the order promulgating the rule states it is implementing a specific statute and describes the purposes of the rule. *New York Foreign Freight Forwarders & Brokers Ass'n v. Federal Maritime Comm'n*, 337 F.2d 289, 296 (2d Cir. 1964), *cert. denied*, 380 U.S. 910, 13 L. Ed. 2d 797, 85 S. Ct. 893 (1965). That case states on page 296:

The New York Association also suggests that the rules do not contain "a concise general statement of their basis and purpose" in compliance with Section 4(b) of the Administrative Procedure Act, 5 U.S.C. § 1003(b) [now § 553(c)]. But the order promulgating the rules meets the statutory requirement in stating that they implement the 1961 Law "and have for their purpose the establishment of standards and criteria to be observed and maintained by licensed independent ocean freight forwarders, ocean freight brokers and oceangoing common carriers in the conduct of their business affairs."

The concise statement substantially complies with RCW 34.04.025.

## Statutory Authority To Enact the Regulation

■ We agree with appellants, an agency created by statute has only those powers expressly granted or necessarily implied from the statute. *Ortblad v. State,* 85 Wn.2d 109, 530 P.2d 635 (1975); *State v. Pierce,* 11 Wn. App. 577, 523 P.2d 1201 (1974). An agency cannot legislate, its rules must be within its statutory framework. *Kitsap–Mason Dairymen's Ass'n v. State Tax Comm'n,* 77 Wn.2d 812, 467 P.2d 312 (1970); *State ex rel. West v. Seattle,* 50 Wn.2d 94, 309 P.2d 751 (1957).

The powers of the Board are very broad. RCW 66.08.050. Under RCW 66.08.120, the state expressly preempts the sale and distribution of intoxicating liquor, except that municipalities and counties may adopt police ordinances and regulations "not in conflict with this title or with the regulations made by the board." Furthermore, RCW 66.08-.030 expressly confers the rule–making power upon the Board. RCW 66.08.030(1) provides "[f]or the purpose of carrying into effect the provisions of this title according to their true intent or of supplying any deficiency therein, the board may make such regulations not inconsistent with the spirit of this title as are deemed necessary or advisable." RCW 66.08.010 provides, "[t]his entire title shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety

of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose."

■ The rules applicable to these broad grants of power are not new. Where, as in the instant case, the legislature has specifically delegated rule–making power to an agency, the regulations are presumed valid. *Weyerhaeuser Co. v. Department of Ecology*, 86 Wn.2d 310, 545 P.2d 5 (1976); *Lindsay v. Seattle*, 86 Wn.2d 698, 548 P.2d 320 (1976). One asserting invalidity has the burden of proof, and the challenged regulations need only be reasonably consistent with the statutes they implement. *Weyerhaeuser Co. v. Department of Ecology, supra; Lindsay v. Seattle, supra.* The regulation will not be struck down unless "compelling reasons are presented sufficient to show the scheme is in conflict with the intent and purpose of the legislation." *Weyerhaeuser Co. v. Department of Ecology, supra* at 317.

In the same vein is *State ex rel. Thornbury v. Gregory*, 191 Wash. 70, 79, 70 P.2d 788 (1937), which, in upholding a Saturday noon to Monday morning tavern closure regulation, said "great latitude within the rules of established law must be accorded to such a board . . ." A regulation adopted pursuant to specific authority to make regulation is "entitled to considerable weight in determining legislative intent." *Earley v. State*, 48 Wn.2d 667, 673, 296 P.2d 530 (1956); *Weyerhaeuser Co. v. Department of Ecology, supra* at 317. Furthermore, this court cannot be called upon to substitute its judgment for that of the administrative body acting within its statutory powers. *Weyerhaeuser Co. v. Department of Ecology, supra.*

■ The Board intended by WAC 314–16–125 to regulate the sale of liquor in a manner promoting the public health and welfare. Its "concise statement" *inter alia* noted the great increase in arrests for disorderly conduct on licensed premises, and the frequency with which these incidents occurred where topless table dancing was permitted. There is a nexus between the conduct prohibited and the sale of liquor. As stated in *California v. LaRue*, 409 U.S. 109, 118,

34 L. Ed. 2d 342, 93 S. Ct. 390 (1972), in the context of a due process analysis of a similar but more strict agency regulation: "The Department's conclusion, embodied in these regulations, that certain sexual performances and the dispensation of liquor by the drink ought not to occur at premises that have licenses was not an irrational one."

WAC 314–16–125 prohibits various types of what is characterized in its title as "suggestive, lewd and/or obscene conduct" on licensed premises. Topless table dancing is particularly discussed in the briefs and argument. Although we uphold the validity of WAC 314–16–125 as broadly within the statutory authority of the Board, we do not foreclose review of particular provisions directed to conduct other than topless table dancing with respect to which appellants have concentrated their argument. *See Euclid v. Ambler Realty Co.,* 272 U.S. 365, 71 L. Ed. 303, 47 S. Ct. 114, 54 A.L.R. 1016 (1928).

Affirmed.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.

ROSELLINI, J. (concurring)—I agree with the majority that the prohibition of topless dancing on licensed premises is within the statutory and constitutional power of the Liquor Control Board. I would go further, however, and declare that it is not within the Board's power to authorize nudity or semi–nudity on licensed premises, and that for this reason that portion of the regulation which permits topless dancing on a stage is invalid. The regulation permits entertainers whose breasts and/or buttocks are exposed to view to perform upon a stage at least 18 inches above the immediate floor level and removed at least 6 feet from the nearest patron.

The demoralizing effect of sexually suggestive entertainment on persons consuming alcohol in public establishments dedicated to that purpose was recognized by the United States Supreme Court in *California v. LaRue,* 409

U.S. 109, 34 L. Ed. 2d 342, 93 S. Ct. 390 (1972). I will not repeat here the description found in that opinion of the conduct of patrons of bars and other licensed premises which was found to have been a common response to sexual entertainment. Suffice it to say that it was lewd and lascivious and in some instances involved attacks upon young girls who had no part in the entertainment.

It should also be remembered that an important factor inspiring the adoption of the Eighteenth Amendment and the Volstead Act (41 Stat. 305) was the public immorality associated with the consumption of alcohol. It would appear that the pendulum has made its full swing when such immorality is encouraged by those whose duty it is to see such public consumption does not offend the public welfare, order and morals.

The legislature certainly had in mind the State's duty to protect these interests when it enacted RCW 66.08, regulating the manufacture and dispensing of liquor and creating the Liquor Control Board to administer the law. That chapter provides:

> This entire title shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, *morals,* and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose.

(Italics mine.) RCW 66.08.010. RCW 66.08.030 permits the Board to make only such regulations as are consistent with the spirit of the title.

As I read these provisions, they authorize the Board to make regulations designed to promote the public morals in places where liquor is sold and not to make regulations which tend to encourage immoral and indecent conduct.

The constitutionality of such regulations forbidding indecent entertainment on licensed premises has been upheld by the United States Supreme Court. *California v. LaRue, supra.*

I would not only affirm the trial court, but I would go further and declare that that regulation which permitted topless dancing on a stage on licensed premises is invalid.

WRIGHT, C.J., concurs with ROSELLINI, J.

Petition for rehearing denied May 26, 1978.