TRI–STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., a Colorado Corporation, Appellant (Petitioner below),

v.

The ENVIRONMENTAL QUALITY COUNCIL of the State of Wyoming, Robert E. Sundin, as Director of the Department of Environmental Quality, and Randolph Wood, as Administrator of the Air Quality Division of the Department of Environmental Quality, Appellees (Respondents below).

No. 4944.

Supreme Court of Wyoming.

Feb. 28, 1979.

Nick Kalokathis and David D. Uchner, Cheyenne, and John J. Conway, Denver, Colo., for appellant.

John J. Rooney, Acting Atty. Gen. and E. Michael Weber, Asst. Atty. Gen., Cheyenne, for appellees.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

ROSE, Justice.

This appeal questions the process through which the Environmental Quality Council of the State of Wyoming (hereafter the Council) promulgated certain standards pertaining to sulfur dioxide (SO₂) emissions. In addition, Tri-State Generation and Transmission Association, Inc., (hereafter Tri-State) contends that the Council failed to conform to the requirements of § 35–502.17, W.S.1957, 1975 Cum.Supp.[1] We will affirm the district court judgment in part, reverse it in part and remand the case for further proceedings.

In June, 1974, the Air Quality Advisory Board recognized sulfur dioxide as a pollutant of existing and potentially increasing importance, and requested the Division of Air Quality of the Wyoming Department of Environmental Quality to investigate the various aspects of regulating SO₂. In September, 1974, the Division presented a proposed regulation to the Advisory Board, whereupon the Board adopted certain recommendations for SO₂ emission regulations.

The Administrator of the Air Quality Division, on October 29, 1974, recommended a regulation to the Director of the Department of Environmental Quality. This recommendation was different from the Division and Board proposals. The Director recommended the Division proposal to the Council and gave timely public notice of a public hearing to be held before the Council on December 9, 1974.

At the commencement of the public hearing, it was announced that cross-examination of witnesses would not be permitted, although members of the Council were allowed to ask questions for clarification purposes, and that oral presentations would be limited to ten minutes. Apparently, groups of three companies were permitted to make a thirty-minute presentation, and objections were lodged on behalf of Tri-State and others, with respect to the time limitations imposed. The submission of written statements and documentation was encouraged, and the record was left open for ten days after the hearing to allow for additional written statements.

On January 31, 1975, after giving public notice of the meeting, the Council met, con-

---

* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. Section 35–502.17, W.S.1957, 1975 Cum. Supp. [§ 35–11–202, W.S.1977], provides:
   "Establishment of standards.—(a) Without limiting the authority of the administrator as set out in section 35–502.10 of the statutes, he shall, after consultation with the advisory board, recommend to the director such ambient air standards or emission control requirements by rule or regulation, as may be necessary to prevent, abate, or control pollution. Such standards or requirements may be for the state as a whole or may vary from area to area, as may be appropriate to facilitate accomplishment of the purposes of this act [§§ 35–502.1 to 35–502.56], and in order to take account of varying local conditions.
   "(b) In recommending such standards or requirements the administrator shall:

"(i) Consider all the facts and circumstances bearing upon the reasonableness of the emissions involved, including:
"(A) The character and degree of injury to, or interference with the health and physical well being of the people, animals, wildlife and plant life;
"(B) The social and economic value of the source of pollution;
"(C) The priority of location in the area involved; and
"(D) The technical practicability and economic reasonableness of reducing or eliminating the pollution;
"(E) The social welfare and aesthetic value.
"(ii) Grant such time as he shall find to be reasonable and necessary for owners and operators of air contaminant sources to comply with applicable standards or requirements.
"(c) Recommend to the director, after consultation with the advisory board, regulations to prevent construction, modification or operation of any source at any location where emissions from such source will prevent the attainment or maintenance of a state or national standard."

sidered, and adopted a Division proposal based, at least in part, on comments made at and after the December public hearing. Subsequently, Tri-State timely filed its Petition for Review with the district court, and requested from the Council a statement of reasons why the Council did not adopt Tri-State's suggestions regarding the $SO_2$ emission standards.[2]  In response, the Council, on March 4, 1975, issued a statement which provides in relevant part:

"The principal reasons for overruling the considerations against adoption of said regulations urged by Tri-State Generation and Transmission Association, Incorporated are that:

"(1) Sufficient evidence was presented to indicate that the technology necessary to comply with the $SO_2$ emission regulations is both technically and economically feasible.

"(2) Said $SO_2$ emission regulations are necessary to carry out the policy and purpose of the Environmental Quality Act, and the rules and regulations promulgated thereunder."

In its amended petition for review, Tri-State contended that:

1.  The Council had exceeded its powers by adopting emission standards without a showing that the quantities and duration prohibited may be injurious.

2.  The Council, Director and Administrator acted contrary to law in failing to consider the factors set forth in § 35–502.17, supra.

3.  The Council's action was arbitrary, capricious and characterized by an abuse of discretion in that the action was taken without finding, or having sufficient evidence upon which to find, that the standards were necessary to prevent air pollution.

4.  The Council failed to afford Tri-State a reasonable opportunity to be heard.

In its brief in support of the petition for review, Tri-State additionally asserted that the Council had not complied with its own rules of practice when it failed to render a written decision containing the reasons for the emission standards adopted.  In its brief to the district court, Tri-State did not refer to the Council's action as being arbitrary, capricious, or characterized as an abuse of discretion, but chose to rely only on the review grounds set forth in § 9–276.-32(c)(i) and (ii), W.S.1957, 1975 Cum.Supp.[3] As a result, the district court specifically addressed and rejected only these grounds and, then, generally found all further points raised in the petition for review to be without merit.

In it's order, filed October 28, 1977, affirming the Council's adoption of the $SO_2$ emission standards, the district court found that the Council had not acted in excess of its powers, and that the Council's action was in conformity with the law and in compliance with § 9–276.21, W.S.1957, 1975 Cum.Supp.[4]  The district court found, how-

---

**2.** Tri-State's request for this statement is not contained in the record on appeal, but the Council concedes such a request was made.

**3.** Section 9–276.32(c), W.S.1957, 1975 Cum. Supp. [§ 9–4–114(c), W.S.1977], provides:

"(c) The court's review pursuant to the provisions of this section shall be limited to a determination that:

"(i) The agency acted without or in excess of its powers;

"(ii) The decision or other agency action was procured by fraud;

"(iii) The decision or other agency action is in conformity with law;

"(iv) The findings of fact in issue in a contested case are supported by substantial evidence;  and

"(v) The decision or other agency action is arbitrary, capricious or characterized by abuse of discretion."

**4.** Section 9–276.21, W.S.1957, 1975 Cum.Supp. [§ 9–4–103, W.S.1977], provides:

"Notice of adoption, etc., of rule;  hearing to hear objections;  emergency rules;  contesting rules on grounds of noncompliance with section.—(a) *Notice; hearing.*—Prior to an agency's adoption, amendment, or repeal of all rules other than interpretative rules or statements of general policy the agency shall:

"(1) Give at least 20 days notice of its intended actions.  The notice shall include a statement of either the terms or substance of the proposed rule or a description of the subjects and issues involved, and of the time when, the place where, and the manner in which, interested persons may present their

ever, that the Council's March 4, 1975, statement inadequately set forth the reasons for overruling Tri-State's position against the adoption of the SO₂ emission standards, and ordered that the standards not be enforceable against Tri-State until an adequate statement was issued. On December 30, 1977, the Council did file a more detailed statement of reasons for overruling Tri-State's position against the emission standards.

On appeal to this court, Tri-State identifies the issues as follows:

"I. THE DISTRICT COURT ERRED WHEN IT UPHELD THE AGENCY ACTION BEFORE ASCERTAINING WHETHER THE AGENCY HAD COMPLIED WITH THE APPROPRIATE STATUTORY CRITERIA.

"II. UNDER SECTION 9–4–103, THE AGENCY IS UNDER AN OBLIGATION TO PROVIDE A CONCISE STATEMENT OF PRINCIPAL REASONS AND FAILURE TO DO SO RENDERS THE AGENCY ACTION INVALID.

"III. THE AGENCY HAS FAILED TO DEMONSTRATE AWARENESS OF THE PROBLEM.

"IV. THE DISTINCTION BETWEEN 'CONTESTED CASES' AND 'NONCONTESTED CASES' IS LOSING ITS VITALITY AND IS OF LITTLE VALUE HERE.

"V. THE COUNCIL DID NOT COMPLY WITH ITS OWN RULES OF PRACTICE AND PROCEDURE, AND IN VIEW OF SUCH FAILURE THE AGENCY ACTION MUST BE SET ASIDE.

"VI. THE RECORD IS BARREN OF ANY EVIDENCE DEMONSTRATING CONFORMITY TO THE STATUTORY REQUIREMENTS."

Before disposing of certain of these issues, it is important to explain what issues this opinion does not decide. It is readily apparent from the order and letter opinion of the district court that the district court did not consider whether the Council's action was arbitrary, capricious, or characterized by an abuse of discretion. In other words, the district court did not consider whether the Council's decision was based on a consideration of the relevant factors or whether the Council committed error so clear as to deprive its decision of a rational basis. See, *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), and *Ethyl Corp. v. Environmental Protection Agency,* 176 U.S.App. D.C. 373, 541 F.2d 1, 34–35 fn. 74 (1976), cert. denied, 426 U.S. 941, 96 S.Ct. 2663, 49 L.Ed.2d 394. See, generally, *Monahan v. Board of Trustees, etc., County of Sheridan,* Wyo., 486 P.2d 235, 237 (1971). Tri-State

views thereon. The notices shall be mailed to the attorney general and to all persons who have made timely requests of the agency for advanced notice of its rule making proceedings.

"(2) Afford all interested persons reasonable opportunity to submit data, views or arguments, orally or in writing. In the case of substantive rules, opportunity for oral hearing must be granted if requested by 25 persons, or by a governmental subdivision, or by an association having not less than 25 members. The agency shall consider fully all written and oral submissions respecting the proposed rule. Upon adoption of the rule, the agency, if requested to do so by an interested person, either prior to adoption or within 30 days thereafter, shall issue a concise statement of the principal reasons for overruling the consideration urged against its adoption.

"(b) *Emergencies.*—If an agency finds that an emergency exists, and such a finding is concurred in by the governor by written endorsement on the original copy of a proposed regulation, the regulation may be adopted and become effective immediately upon its being filed in the office of the secretary of state. The regulation so adopted may be effective for a period no longer than 120 days, but the adoption of an identical regulation under subsection (1) of this section is not precluded.

"(c) *Compliance with section.*—No rule is valid unless adopted in substantial compliance with this section. A proceeding to contest any rule on the ground of non-compliance with the procedural requirements of this section must be commenced within 2 years from the effective date of the rule."

argued below, and now on appeal, that either the Council's own rules of practice, or the Wyoming Administrative Procedure Act, or the general body of administrative law required that the Council provide a sufficient statement of reasons for the establishment of the $SO_2$ emission standards. The district court found that the Council's rules of practice applied only to "contested cases"; that the proceeding in question was not a "contested case"; and, therefore, that there was no statutory requirement that the Council provide reasons for its action. The district court did find, however, that the Council was required to file a somewhat detailed statement of reasons for overruling the considerations voiced by Tri-State against adoption of the emission standards. We have concluded that the alleged requirement to provide *reasons for adoption* of an administrative rule is different from the clear requirement to provide *reasons for overruling considerations urged against its adoption.* Compare, § 9–276.21(a)(2), supra, *with* Model State Administrative Procedure Act (U.L.A.) § 3(a)(2), *and* the Federal Administrative Procedure Act, 5 U.S.C.A. § 553(c).[5] Since the district court found no requirement to provide reasons for adoption, it had no occasion to review the Council's basis for adopting the emission standards that it adopted. This court will not undertake such a review without first providing the agency and the district court an opportunity to address the issue. If we conclude, for whatever reason, that the Council is required to provide a statement of reasons for the adoption of the $SO_2$ emission standards in question, then the case must be remanded to the district court with directions to remand the case to the Council for a statement of reasons for adoption and then judicially review that statement of reasons.

◼ Second, it is also apparent from the record on appeal that the district court did not review the Council's supplementary statement of reasons for overruling the considerations urged by Tri-State against adoption of the $SO_2$ emission standards. As the Council correctly points out in its brief, Tri-State made no attempt to have the district court reconsider that statement of reasons, even though Tri-State had a two-month period, prior to the docketing of this appeal, within which to do so. Tri-State argues that the district court should have limited its ruling to the question of the adequacy of the statement originally provided, and reserved ruling on the validity of the agency action until the agency complied with the remand order. The reasons for requiring a concise statement of the principal reasons for overruling the consideration urged against the adoption of a rule are to assure that the agency considered arguments made at the public hearing and to facilitate judicial review. *Anderson, Leech & Morse, Inc. v. Washington State Liquor Control Board,* 89 Wash.2d 688, 575 P.2d 221, 224 (1978); and 13 Uniform Laws Annotated 374 (Supp.1978), Commissioners' Comment to Model State Procedure Act,

---

5. Section 3(a)(2), Model State Administrative Procedure Act, provides:

"(a) Prior to the adoption, amendment, or repeal of any rule, the agency shall:

\* \* \* \* \* \*

"(2) afford all interested persons reasonable opportunity to submit data, views, or arguments, orally or in writing. In case of substantive rules, opportunity for oral hearing must be granted if requested by 25 persons, by a governmental subdivision or agency, or by an association having not less than 25 members. The agency shall consider fully all written and oral submissions respecting the proposed rule. Upon adoption of a rule, the agency, if requested to do so by an interested person either prior to adoption or within 30 days thereafter, shall issue a concise statement of the principal reasons for and against its adoption, incorporating therein its reasons for overruling the considerations urged against its adoption."

5 U.S.C.A., § 553(c), provides:

"(c) After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation. After consideration of the relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose. When rules are required by statute to be made on the record after opportunity for an agency hearing, sections 556 and 557 of this title apply instead of this subsection."

§ 3. Since there has been no judicial review by the district court of the Council's supplementary statement, we will not attempt to review the sufficiency of this statement. If, however, we find it necessary to remand the case for a statement of reasons for adoption of the $SO_2$ emission standards and a judicial review of that statement, we would contemplate that the district court would, in conjunction with that review, also review the sufficiency of the Council's December 30, 1977, statement of reasons for overruling the considerations urged by Tri-State against adoption of these standards.

Due to the manner in which this appeal reaches this court, we will consider only the following issues:

1. Whether the Council was required by statute or otherwise, to provide a statement of reasons for adoption of the $SO_2$ emission standards;

2. Whether Tri-State was afforded a reasonable opportunity to be heard by the Council; and

3. Whether the Council acted in conformity with § 35–502.17, supra.

## REASONS FOR ADOPTION

■ The district court found that specific findings of fact and conclusions of law are required only in contested cases, and, therefore, the action of the Council was in conformity with law even though it did not provide reasons for its actions. Tri-State contends that an obligation to provide reasons for the action taken is necessary to facilitate judicial review. The Council responds that there is no statute expressly requiring an agency to state its reasons for the promulgation of a regulation or rule. The cases cited in support of the Council's position hold only that detailed and specific findings are not required in the absence of a statute stating such a requirement. See, *Wylie Bros. Contracting Co. v. Albuquerque-Bernalillo County Air Quality Control Board,* 80 N.M. 633, 459 P.2d 159, 168 (1969), and *Palm Springs Turf Club v. California Horse Racing Board,* 155 Cal.App.2d 242, 317 P.2d 713, 715 (1957). We have no disagreement with these holdings, but they do not provide a complete answer to the argument raised by Tri-State.

Tri-State sets forth two reasons why the Council was required to provide a statement of reasons for adoption of the $SO_2$ emission standards:

1. The Council's own rules of practice required a written decision, containing findings of fact and conclusions of law.

2. Fundamental rules of administrative law require that an agency disclose the grounds upon which it acted.

The mere classification of the proceedings herein as rule-making, as opposed to a contested case proceeding, does not respond to these contentions

### A. *Rules of Practice.*

This court has indicated that when an agency has established general procedures it is bound to follow such procedures. *United States Steel Corporation v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749, 752 (1978).

The district court found that the rules of practice, with respect to which the parties stipulated were in effect at the time of the proceedings in question, were applicable only to contested cases. As noted in the *United States Steel* decision, this is contrary to the express language of Section 3 of these rules of practice, which indicates that all hearings before the Council "shall be held pursuant to these rules." Section 18, of the rules of practice, provides:

"The Council shall make a written decision and order *in all cases,* which decision shall contain findings of fact and conclusions of law based exclusively on the evidence at the hearing and matters officially noticed. The decision and order of the Council shall be placed in the record of the case which shall be retained by the Council." [Emphasis supplied]

A literal reading of Section 18 would require the Council to provide findings of fact and conclusions of law in all contested *and* rule-making proceedings. On the other hand, Section 27 of the rules of practice permits the Council to hold informational

1330

hearings for the purpose of aiding the Council in ascertaining and determining facts necessary for the performance of its duties.

In the *United States Steel* case, we held that Section 27 permitted the Council to hold hearings on petitions to amend or repeal rules without affording all the rights associated with a trial-type contested hearing. Tri-State seeks to distinguish *United States Steel* on the basis that here rulemaking procedures had been activated, while in *United States Steel* the Council was merely considering whether to initiate rule-making procedures. This is a distinction without meaning. Whether rule-making has been initiated or not does not eliminate the fact that these types of proceedings are primarily aimed at providing the Council with information to assist in making a decision concerning one of its duties. We hold, therefore, that the Council's rules of practice did not require a statement of the reasons for adoption of the $SO_2$ emission standards.

### B. *Rules of Administrative Law.*

Tri-State conceded at oral argument that there is no express statutory requirement that an agency provide a statement of reasons for adoption of a rule. The Council contends that this provides a complete answer to the inquiry. We disagree.

The Wyoming Administrative Procedure Act, and particularly § 9–276.21(a)(2), supra, does not expressly require that an agency provide a concise general statement of a rule's basis and purpose—as required by the Federal Administrative Procedure Act—nor does it require a concise statement of the principal reasons for adoption of a rule—as required by the Model State Administrative Procedure Act. Section 9–276.21(a)(2) simply requires that, upon request, the agency shall provide a statement of the principal reasons for overruling the consideration urged against adoption of a rule by the requesting party. The question is: Does this deletion represent a clear legislative intention to remove the usual requirement to provide reasons for the adoption of a rule?

The paramount objective of requiring—under the Federal Administrative Procedure Act—a concise general statement of the rule's basis and purpose is to allow the courts to see whether an agency has carried out an essentially legislative task in a manner calculated to negate the dangers of arbitrariness and irrationality in the formulation of generally applicable rules. *Automotive Parts & Accessories Association v. Boyd,* 132 U.S.App.D.C. 200, 407 F.2d 330, 338 (1968). See, *National Nutritional Foods Association v. Weinberger,* 2 Cir., 512 F.2d 688, 701 (1975). The requirement, therefore, is tied to the court's power to review agency actions to determine if they are arbitrary, capricious or characterized by an abuse of discretion. As stated previously, this ground for review calls for an examination of whether the agency's decision is based on a consideration of relevant factors and is rational. See, *Citizens to Preserve Overton Park v. Volpe,* supra.

The paramount objective of requiring a statement of reasons for overruling considerations urged against adoption of a rule is to assure the agency fully considered arguments made at the public hearing. *Anderson, Leech & Morse, Inc. v. Washington State Liquor Control Board,* supra. In addition, this requirement assists in determining whether the agency action was arbitrary, capricious, or characterized by an abuse of discretion.

By deleting the express requirement to provide a statement of the principal reasons for the adoption of a rule, did the legislature intend to restrict judicial review for arbitrariness, capriciousness, or abuse of discretion to whether or not the agency adequately responded to arguments against adoption of a rule? We think not. The term "arbitrary" has been generally defined as willful and unreasoning action, without consideration and regard for the facts and circumstances presented, and without adequate determining principle. *In re West Laramie,* Wyo., 457 P.2d 498, 502 (1969). An agency action is arbitrary or capricious if it is not based on a consideration of the

relevant factors. *Citizens to Preserve Overton Park v. Volpe,* supra. If an agency does not set forth the principal reasons for adoption of a rule, the courts have no way to determine if the agency considered the relevant factors or if the decision is rational.[6]

We hold, therefore, that administrative agencies are required to provide a brief and concise statement of the principal reasons for adoption of a rule.

Any other conclusion would serve to restrict judicial review of agency actions, particularly with respect to the determination of whether an action is arbitrary, capricious, or characterized by an abuse of discretion. In *United States Steel Corporation v. Wyoming Environmental Quality Council,* supra, we quoted with approval from *Klein v. Fair Employment Practices Commission,* 31 Ill.App.3d 473, 334 N.E.2d 370, 374 (1975), to the effect that courts will restrict judicial review of administrative action only when there is clear and convincing evidence of a contrary legislative intent. Such evidence is lacking in this situation. *Compare,* § 9–4–106, W.S.1977, where the legislative intent to restrict judicial review is clear and convincing.

■ Once the principal reasons for adoption are supplied, the courts are required to make a searching and careful inquiry into the facts. The ultimate standard of review is, however, a narrow one. The courts are not empowered to substitute their judgment for that of the agency. *Citizens to Preserve Overton Park v. Volpe,* supra. Nor, in Wyoming, are the courts empowered to review an agency's rule-making decision to determine if it is supported by substantial evidence. This type of review is limited to contested-case situations. See, § 9–4–114(c)(iv), W.S.1977.

Tri-State requested, in its petition for review, that the district court determine whether the Council's promulgation of the $SO_2$ emission standards was arbitrary, capricious or characterized by an abuse of

discretion. As noted previously, the district court made no such determination, primarily because it found no requirement that the Council provide a statement of the reasons for adoption of the rule. As a result of our holding that such reasons must be supplied, the case must be remanded to the district court with directions that it order the Council to provide a brief and concise statement of the principal reasons for adoption of the $SO_2$ emission standards. After such a statement is provided, the district court shall determine, in accordance with the standards set forth herein, whether the Council's action was arbitrary, capricious or characterized by an abuse of discretion.

Even though this case is to be remanded for further proceedings, certain of the other issues raised by Tri-State must be addressed in order to make a complete disposition of this appeal.

## OPPORTUNITY TO BE HEARD

■ Tri-State urges this court to remand this case to the Council for a new hearing to be conducted in the manner of a contested one. This argument is primarily based on the belief that the Council's rules of practice require such a hearing. Our holding that Section 27 of the applicable rules of practice permitted the Council to hold an informational hearing without affording the rights associated with a contested-case hearing is dispositive of this portion of the argument.

Tri-State further bases this contention on the assertion that the distinction between contested and uncontested cases is losing vitality, and that even in the agency-rule-making context a full evidentiary hearing may be required.

The United States Supreme Court has recently spoken to this proposition. In *Vermont Yankee Nuclear Power Corporation v. Natural Resources Defense Council, Inc.,* 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978), the Court held that, absent constitu-

---

**6.** The reader is directed to the case of *New Mexico Municipal League, Inc. v. New Mexico Environmental Improvement Board,* 88 N.M. 201, 539 P.2d 221 (1975), for an example of a statement of reasons for adoption of a rule which has withstood judicial scrutiny.

**1332**

tional constraints or extremely compelling circumstances, administrative agencies are free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their duties. The determination of when extra procedural devices should be employed lies primarily within the discretion of the agencies, not the courts.

The provisions set forth in § 9–276.21, supra, provide the minimum requirements of public rule-making procedure with which agencies must comply. The Council's action in this case satisfied the minimum procedural requirements set forth therein. Tri-State was afforded a reasonable opportunity to submit its data, views, and arguments. The only questions left open by this opinion are whether the Council fully considered these submissions and whether the Council's action was arbitrary, capricious, or characterized by an abuse of discretion.

### CONFORMITY WITH § 35–502.17

■ Tri-State contends that the Council failed to act in conformity with the law by failing to consider the factors set forth in § 35–502.17, supra. The Council responds that the factors set forth in § 35–502.17, supra, are to be considered *by the administrator* in recommending standards to the Council, and that the record reveals that the administrator did consider these factors. The district court found, generally, that the Council had acted in conformity with the law.

■ We hold that the legal obligation imposed on the Council by the legislature is to promulgate rules and regulations necessary to prevent, reduce and eliminate pollution. See, §§ 35–502.2 and 35–502.12(a)(i), W.S.1957, 1975 Cum.Supp. Compare, § 12–12–13(A), N.M.S.A.1953 (Repl. Vol. 3, Supp. 1973), set forth in *New Mexico Municipal League, Inc. v. New Mexico Environmental Improvement Board,* 88 N.M. 201, 539 P.2d 221, 224 (1975).

In carrying out this legal obligation, the Council may find it advantageous to refer to the factors listed in § 35–502.17, supra. These factors may also be of assistance to the courts in determining whether the Council has considered the relevant factors in coming to a decision on a particular pollution standard. There being no express statutory requirement that the Council conform its decision-making to § 35–502.17, supra, the district court was correct in finding that the Council had acted in conformity with the law.

The district court judgment is affirmed to the extent that it found that Tri-State had been given a reasonable opportunity to be heard and that the Council had acted in conformity with § 35–502.17, supra. The district court judgment is reversed to the extent that it found the Council was under no obligation to provide a statement of reasons for adoption of the $SO_2$ emission standards. The case is remanded with directions that the Council provide such a statement to the district court, whereupon the district court shall review this statement and the Council's supplementary statement of reasons for overruling the considerations urged by Tri-State to determine whether the Council's adoption of the $SO_2$ emission standards was arbitrary, capricious, or characterized by an abuse of discretion.