[No. 1321-3.    Division Three.    February 3, 1976.]

JEAN K. MCCABE, *Appellant*, v. SPOKANE COUNTY CIVIL SERVICE COMMISSION, ET AL, *Respondents*.

*Joseph J. Rekofke* and *Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *James P. Emacio, Deputy*; *Richard J. Schroeder* and *Dellwo, Rudolf & Schroeder*, for respondents.

GREEN, J.—One question is presented:

Is time spent on authorized sick leave without pay during the first 6 months of an employee's 1-year probationary period to be counted toward completion of that period and thereafter included in the computation of seniority?

The trial court said, "No." We affirm.

On October 1, 1970, the plaintiff, Jean K. McCabe, and Betty M. Anderson, hereafter referred to as defendant, were employed by the Spokane County sheriff as security matrons. At that time, plaintiff was senior to defendant as a result of their respective scores on the civil service examination. On November 19, 1970, plaintiff became ill and was granted a 31-day leave of absence, without pay, returning to work on January 2, 1971.

On October 1, 1971, the defendant, having completed her 1-year probationary period, was granted permanent employee status. However, plaintiff's probationary period was extended to November 1, 1971, as a result of her 31-day leave of absence and, therefore, she was not granted permanent employee status until that date. By reason of these events, defendant was accorded seniority over the plaintiff.

Plaintiff brought this declaratory judgment action claiming that the 31-day leave of absence should not have extended her probationary period and, as a consequence, she should have retained seniority status over the defendant. The trial court concluded that:

> Any leave time granted during the first six months of an employee's probationary period cannot be included in computing that employee's seniority.

and entered judgment declaring that plaintiff did not become a permanent employee until November 1, 1971, and that she is junior to the defendant who became a permanent employee on October 1, 1971. From this judgment, plaintiff appeals.

Plaintiff's primary contention is that the term "probationary period" refers to a period of time rather than continuous, uninterrupted employment. We disagree.

Under Spokane County Civil Service Commission Rule 2, § 13, one achieves permanent employee status only after the completion of a probationary period. "Probation" is defined in section 15 of that rule:

> Probation means a term of employment or trial *service*

period in which an employee *works* before receiving permanent appointment, i.e., one year . . .

(Italics ours.) "Seniority" is defined in section 24 of the same rule:

Seniority means a right *earned by service* in the classified civil service.

(Italics ours.) Section 2 of rule 16 states that:

Seniority rights in the classified service shall be based upon the *length of service* within a class . . .

(Italics ours.) An employee, during the probationary period, does not acquire seniority rights. However, after the probation is completed, in this case 1 year, credit for seniority purposes is given the employee for that period. Civil Serv. Comm'n Rule 16, § 1.

In *State ex rel. Moulton v. Spokane*, 174 Wash. 679, 683, 26 P.2d 89 (1933), the court stated that:

The purpose of a probationary period is to give the appointing official an opportunity to determine whether or not the probationer is efficient and competent.

*See also Tacoma v. Civil Serv. Bd.*, 6 Wn. App. 600, 601, 494 P.2d 1380 (1972). We consider the issue raised by plaintiff in light of this purpose and the above civil service rules.

The issue presented is one of first impression in Washington. While there is a dearth of authority in other states, *Wiles v. State Personnel Bd.*, 19 Cal. 2d 344, 121 P.2d 673 (1942), is closely analogous on its facts. In that case an employee sustained a back injury within the first month of his 6-month probationary period and was hospitalized for 6 weeks. The court determined that the period of probation would not be extended for 6 weeks because the record revealed that the employee continued to perform a substantial part of his official duties while in the hospital and, therefore, the purposes and object of the probationary period had been fulfilled. The court implied, however, that had the employee not been performing a substantial part of his official duties while hospitalized, the probationary pe-

riod would have been extended. This is apparent from the court's statement, at page 348:

It is possible . . . that a situation might arise in which a probationer because of illness would be forced to sever all relations with his office and duties a few days after his appointment. If such absence continued for a period of six months, the purpose of a probationary period would be defeated if that period were held to be terminated after six months' actual elapsed time from the date of appointment. *In such a situation the time spent away from the position should not be included in determining the termination of the probationary period.*

(Italics ours.) Much earlier, the court in *People ex rel. O'Grady v. Low*, 74 App. Div. 246, 77 N.Y.S. 661 (1902), utilized similar reasoning in holding that the probationary period begins to run from the date an employee actually commences service, rather than from the date of appointment. *See also Wegener v. Dayton*, 285 N.Y. 757, 34 N.E.2d 909 (1941).

The emphasis in the Spokane County civil service rules is upon "work" or "service." As previously noted, the purpose of the probationary period is to enable the employer to observe the actual performance of the employee on the job. It is our view that an employee's unearned and unpaid leave of absence cannot reasonably be characterized as work or service observable by the employer. Here, an employee must work a minimum of 6 months before earning any vacation or sick leave with pay. Spokane County ordinance § 1.03.051 and .052. Although vacation or sick leave with pay may be considered as compensation for services rendered, and not simply a gratuity, see 15 Am. Jur. 2d *Civil Service* §§ 30, 31, plaintiff's authorized leave was granted during her first 6 months of employment and, hence, she had not earned the right to any leave with pay.[1] We hold that the probationary period should be given a substantive meaning, that is, in the absence of earned leave

---

[1] The court noted that, although the sheriff did pay plaintiff for some of the time she was absent, he had no authority to do so because plaintiff had not accumulated any benefits.

the employee must engage in actual service or work for a time equal to the period of probation.

Thus, authorized sick leave without pay during an employee's probationary period shall not be counted toward completion of that period nor thereafter included in the computation of seniority. Consequently, on November 1, 1971, plaintiff completed her probationary period and became a permanent employee entitled to a credit of 1 year towards seniority.

Plaintiff also contends that the trial court erred in refusing to admit evidence of the sheriff's past practice of authorizing leaves of absence to other employees during their probationary period, without affecting their seniority status. In rejecting this evidence, the trial court observed:

> If he [sheriff] has always been wrong, he has been wrong; the fact he has been doing it wrong, if he was doing it wrong isn't going to make it right.

We find no error.

Affirmed.

MCINTURFF, C.J., and MUNSON, J., concur.