[No. 3371-1.    Division One.    June 21, 1976.]

BELLINGHAM FIREFIGHTERS LOCAL 106, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, ET AL, *Appellants*, v. THE CITY OF BELLINGHAM, ET AL, *Respondents*.

*Harris, Vertrees & Boyce* and *John C. Vertrees,* for appellants.

*Asmundson, Rhea & Atwood, T. B. Asmundson,* and *Patrick L. Brock, City Attorney,* for respondents.

SODERLAND, J.*—Appellant Delbert Sturgis and respondent John D. Langford were the only two people who took the promotional examination for the position of Fire Marshal of the City of Bellingham in July of 1973. Appellant Sturgis placed first in the examination. Respondent Langford was appointed to the position. Appellants brought suit contending that the appointment was illegal and that the city charter provision under which the appointment was made was in violation of state statutes. The trial court granted respondents' motion for summary judgment. We affirm.

Appellants' contention that the trial court committed error by failing and refusing to make findings of fact and conclusions of law is without merit. Appellants cite no legal authority to support their contention. CR 52(a)(5)(B) specifically provides that the findings of fact and conclusions of law are not necessary on decisions of motions for summary judgment. *Finley v. Finley,* 43 Wn.2d 755, 264 P.2d 246, 42 A.L.R.2d 1379 (1953), holds that findings and conclusions are not required in the case of a judgment on the pleadings.

The original charter of the City of Bellingham in 1904 provided that all civil service promotions were to be made by certifying the names of the three highest persons on the eligible list, and the appointing authority could then choose

---

*Judge Stanley C. Soderland is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

to appoint one of those three. This procedure is known in civil service parlance as the "rule of three." In 1935 the state legislature adopted RCW 41.08, civil service for city firemen. RCW 41.08.100 provides that the person highest on the eligible list must be certified and appointed. The method used in the state statute to give the appointing power some choice is a provision that the initial mandatory appointment is probationary for a period of time. This procedure is known in civil service parlance as the "rule of one."

On June 11, 1970, Bellingham added a provision to its city charter which excluded the fire department from the generally applicable "rule of three" and established the "rule of one" for the fire department. On January 1, 1973, the City of Bellingham adopted a new city charter. This new charter established the "rule of three" for all city employees. It contains no special provision for the fire department. The new charter was in effect at all times material to this case and it clearly applies to firefighters as well as to all other city employees.

Section 7.07 of the city charter provides in part:

The provisions of this Charter relative to civil service shall apply to all employees in existing departments of the City now under civil service . . .

Section 7.08 of the city charter provides in part:

it shall be the duty of the commission to submit to the appointing power the names of the three (3) highest eligibles for each promotion. The appointing authority shall then appoint one of the three certified persons to such vacant position.

The provisions of the city charter were followed. The issue in this case is whether or not the city charter provision violates the state law. We agree with the trial judge that the state statute, RCW 41.08, does not apply to the City of Bellingham because the civil service provisions of the Bellingham city charter do "substantially accomplish the purpose of" RCW 41.08.

RCW 41.08.010 Application of chapter. The provisions

of this chapter shall have no application to cities and towns which at the present time have provided for civil service in the fire department or which shall subsequently provide for civil service in the fire department by local charter or other regulations which said local charter or regulations substantially accomplish the purpose of this chapter.

Respondents urge the court to interpret that statute to apply the exemption solely because civil service was provided for the Bellingham city fire department prior to the enactment of the state law in 1935. It is urged that the above statute should be read as though there were a period after the words "fire department" where they first occur. Respondents rely upon *Yantsin v. Aberdeen,* 54 Wn.2d 787, 345 P.2d 178 (1959), which interpreted identical language in the state law relating to police departments. This interpretation would give a city exemption from the state law solely because it had some form of civil service in effect prior to the state statute, even though that civil service might defeat the purpose of the state law and regardless of what provisions might be enacted in the future. That interpretation would make it unnecessary to determine whether the Bellingham charter does or does not substantially accomplish the purpose of the state statute. We agree with the trial judge who refused to adopt that interpretation of the statute. We decline to apply that interpretation from *Yantsin v. Aberdeen, supra,* to the facts of the case now before us. We interpret RCW 41.08.010 to mean that the state law does not apply to the City of Bellingham if its charter and regulations substantially accomplish the purpose of the state law.

Appellants' contention boils down to the argument that the "rule of one" is the only allowable method of substantially accomplishing the purpose of the state civil service law for fire fighters. The purpose of the civil service law is to establish an orderly system of personnel administration and management and to provide tenure and a merit system of appointment and promotion. See RCW 41.06.010 setting

forth the purposes of the statutes providing for state civil service.

*Reynolds v. Kirkland Police Comm'n*, 62 Wn.2d 720, 725, 384 P.2d 819 (1963), stated the purpose of the police civil service law as follows:

> After a complete reading of RCW chapter 41.12 (Laws of 1937, chapter 13, p. 23), we are of the opinion that its purpose is to establish a civil service system to (1) provide for promotion on the basis of merit, (2) give police officers tenure, and (3) provide for a civil service commission to administer the system and to investigate, by public hearing, removals, suspensions, demotions, and discharges by the appointing power to determine whether such action was or was not made for political or religious reasons and whether it was or was not made in good faith for cause.

The "rule of three" which has been used by the City of Bellingham since 1904, with the exception of one period of 2½ years, is a well-established and well-recognized method of carrying out and accomplishing the purposes of civil service. If the state statute had meant to mandate a "rule of one" in every city fire department it could have said so. The statute does not mandate compliance with the methods used in the statute; rather, it requires substantial accomplishment of its purpose. The statute intended to allow cities and towns a local option as to methods and techniques and as to the many recognized and acceptable methods of setting up a civil service system to substantially accomplish the purpose of civil service.

Bellingham experimented for 2½ years with the "rule of one" method which had been set up by the state statute 35 years earlier. The City then decided to go back to the "rule of three" which was the time-honored method to which the City was accustomed. The City also decided to again treat its fire department the same as all other city employees, as it had done since 1904 except for the 2½-year experiment. In making these decisions, the City was exercising its power of local government within the authority granted by the exemption provision of RCW 41.08.010. Either method

substantially accomplishes the purpose of the state civil service law, and therefore the state statute, by its terms, does not apply to the City of Bellingham.

Affirmed.

WILLIAMS, C.J., and SWANSON, J., concur.

Petition for rehearing denied September 27, 1976.