[No. 1958–2.   Division Two.   June 30, 1977.]

CELIA K. ARBOGAST, *Appellant,* v. THE TOWN OF
WESTPORT, ET AL, *Respondents.*

Jack L. Burtch, for appellant.

Keith D. McGoffin and Burkey, Marsico, Rovai, McGoffin, Turner & Mason, for respondents.

PEARSON, J.—Celia Arbogast appeals from a judgment denying an application for a writ of mandamus. The issues on appeal are (1) whether a 1–year probationary period for civil service employees in the Westport police department substantially accomplishes the purpose of RCW 41.12, and (2) whether Westport is equitably estopped from applying the 1–year probationary period to Mrs. Arbogast.

The facts are not disputed. On June 28, 1973, Mrs. Arbogast was appointed as a dispatcher in the Westport police department. She was subject to a 1–year probationary period stated in the town's ordinance No. 364. On March 2, 1974, the police chief notified her that her probationary employment was terminated effective March 16, 1974. She challenged the termination, claiming the 1–year probationary period was invalid and that only the mayor had authority to dismiss her. On March 16, the mayor notified her that her employment was terminated and that she could request a hearing before the civil service commission.

At the hearing held April 3, 1974, the parties agreed to a compromise. Mrs. Arbogast accepted a 45–day suspension

without pay, and the mayor and civil service commissioners—at that time questioning the validity of a 1–year probationary term—agreed to reinstate her as a permanent civil service employee after 45 days.

Mrs. Arbogast served the 45–day suspension from March 16 to May 1, and turned down other employment during this period. When she attempted to return to work on May 1, the mayor issued a new notice of discharge on the ground that the 1–year period was valid and Mrs. Arbogast did not have permanent status. She was denied a hearing on the discharge.

Mrs. Arbogast then sought a writ of mandamus in superior court. The court held that the 1–year probationary period substantially accomplished the purposes of RCW 41.12 and that the city was not estopped from discharging Mrs. Arbogast. We affirm.

RCW 41.12.100 provides for a 3– to 6–month probationary period for civil service employees in local police departments. RCW 41.12.010, however, provides that the chapter shall not apply to towns with regulations "substantially accomplish[ing]" the purpose of the chapter.

A general purpose of civil service law is the establishment of a merit system of appointment. *See* RCW 41.06.010; *Bellingham Firefighters v. Bellingham*, 15 Wn. App. 662, 551 P.2d 142 (1976). The purpose of a probationary period in a civil service system is to give the appointing official an opportunity to determine whether or not the probationer is efficient and competent. *McCabe v. Spokane County Civil Serv. Comm'n*, 14 Wn. App. 864, 545 P.2d 575 (1976); *Tacoma v. Civil Serv. Bd.*, 6 Wn. App. 600, 494 P.2d 1380 (1972).

Westport Ordinance No. 364 provides for a 1–year probationary period during which the probationer can be dismissed without a hearing. Westport justifies the longer period on the ground that Westport is a town with a seasonally fluctuating population, and a probationer's performance during the quieter winter months may not be indicative of performance during the hectic summer

months; this is a valid local consideration. We hold, under these circumstances, that the 1–year period allows a reasonable time for determining the efficiency and competence of the probationer. Therefore a 1–year period of probation substantially accomplishes the purposes of RCW 41.12, and the 3– to 6–month period prescribed by RCW 41.12.100 does not apply. *See Bellingham Firefighters v. Bellingham, supra.*

Appellant argues that even if ordinance No. 364 is valid, principles of equitable estoppel apply. She bases her argument on the mayor's promise to reinstate her with full civil service privileges after her suspension.

Equitable estoppel requires an admission, statement, or act, inconsistent with the claim afterwards asserted; action by the other party on the faith of such admission, statement, or act; and injury to such other party arising from permitting the first party to contradict or repudiate such admission, statement, or act. *Shafer v. State,* 83 Wn.2d 618, 623, 521 P.2d 736 (1974).

The doctrine of equitable estoppel will be applied against the state or a political subdivision when necessary to prevent a manifest injustice, and the exercise of governmental powers will not thereby be impaired. *Shafer v. State, supra.* When the acts of the municipality are within the general powers granted to the municipality, equitable estoppel will apply even though the powers have been exercised in an irregular or unauthorized manner. *Finch v. Matthews,* 74 Wn.2d 161, 443 P.2d 833 (1968).

Westport contends, however, that equitable estoppel cannot be applied here because the mayor's promise, as approved by the civil service commission, was ultra vires and void. We agree. The doctrine of equitable estoppel is not available against a governmental entity for an ultra vires act which is void because it is done wholly without legal authorization or in direct violation of existing statutes. *Finch v. Matthews, supra; Fitzgerald v. Neves, Inc.,* 15 Wn. App. 421, 550 P.2d 52 (1976). In this case, the mayor's agreement, which purported to grant permanent status to

Mrs. Arbogast prior to completion of the 1–year probation period required by ordinance No. 364, was ultra vires and void. The mayor had no power to amend the ordinance. His only authority under Westport's civil service law was to make appointments and discharge employees. Thus, his acts were not within the general powers granted to him and the town is not estopped to enforce the 1–year period against Mrs. Arbogast.

Appellant argues that *Haslund v. Seattle,* 86 Wn.2d 607, 547 P.2d 1221 (1976), should determine the outcome of this case. In *Haslund,* the city building inspector issued a building permit and attached unauthorized conditions to it. The city was estopped from denying the validity of the permit, notwithstanding the illegality of the conditions. But in that case, the building inspector had the power to issue permits. He merely did so in an unauthorized manner. The present case is not analogous. Here the mayor had no authority to waive the 1–year probation period. It would be a different situation if he did have such authority but exercised it in violation of the ordinance's guidelines or added unauthorized conditions to the waiver.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied August 26, 1977.

Review denied by Supreme Court March 3, 1978.