[No. 2370–3.   Division Three.   December 2, 1977.]

EDWARD V. LOOSIER, *Respondent,* v. SPOKANE COMMUNITY COLLEGE, *Appellant.*

*Slade Gorton, Attorney General,* and *James Murphy, Assistant,* for appellant.

*Clifford F. Cordes, Jr., Cordes, Cordes & Younglove, Slade Gorton, Attorney General,* and *Thomas F. Carr, Assistant,* for respondent.

GREEN, J.—Spokane Community College (SCC) appeals from the trial court's decision upholding the Higher Education Personnel Board (Board) which reversed the action of SCC's district president discharging an employee, Mr. Edward Loosier. Two questions are presented on appeal: (1) Does the Board have the statutory authority to review and modify a decision of the district president of SCC; and if so, (2) Did the Board find that the district president abused his discretion?

On March 30, 1976, Mr. Loosier, a custodian at SCC, was discharged from employment. The dismissal letter from the district president stated the action was based on insubordination, neglect of duty, and mistreatment or abuse of fellow workers by Loosier. He appealed to the Board. The evidence was presented to a hearing examiner who entered proposed findings of fact, conclusions of law, and order reversing the discharge and ordering a 5-day suspension. SCC appealed to the Board which adopted the hearing examiner's decision with minor modification.

The Board determined that Mr. Loosier was doing average work at the time of his dismissal even though several complaints were made regarding his assigned area; that the alleged neglect of duty incident was use of the telephone

during work hours to check on his wife after surgery; that the alleged insubordination incident was observing a campus dance during a break period and discussing with the lead man the need to reshampoo the president's rug previously done by Loosier; that the alleged mistreatment or abuse of fellow workers arose during the above incidents; and that Mr. Loosier was never given a written reprimand or subjected to any other disciplinary action prior to the discharge. The Board concluded that the alleged acts did not constitute insubordination of such severity to justify dismissal; that the incidents did not constitute neglect of duty or mistreatment or abuse of fellow workers; and that although Mr. Loosier was "somewhat insubordinate . . . the punishment should fit the crime." It concluded that a 5-day suspension was sufficient and ordered Mr. Loosier to be reinstated with back pay. The Board further determined that suspension was a proper penalty "particularly so when respondent [SCC and the district president] made no effort to impose any discipline on him short of outright dismissal."

SCC argues (1) the Board's actions were in derogation of the statute providing for *local* administration and management in personnel matters, and (2) the Board substituted its judgment for that of the district president without an express finding that the president abused his discretion in ordering the dismissal. We disagree.

RCW 28B.16 creates a statutory scheme for personnel administration in state institutions of higher education. The purpose of this chapter is to

> establish a *system* of personnel administration . . . *in the state* . . . which governs . . . removal, discipline, and welfare of employees covered under this chapter.

(Italics ours.) RCW 28B.16.010.

RCW 28B.16.100(1)[1] provides that rules be promulgated to establish the bases and procedures, including

[1]RCW 28B.16.100(1) provides:

"The higher education personnel board shall adopt and promulgate rules and regulations, consistent with the purposes and provisions of this chapter and with

appeals, for dismissal, suspension, or demotion of employ-
ees. The statute requires such rules to provide for local
administration and management by the institution with
respect to dismissal, suspension or demotion. RCW
28B.16.100(2).[2] In accordance with the statute, WAC 251-
12-010[3] empowers the appointing authority, here the dis-
trict president, to demote, suspend, or dismiss an employee
for cause, *i.e.*, neglect of duty, insubordination, or mistreat-
ment or abuse of fellow workers or members of the public.
Further, action taken by the local authority in these per-
sonnel matters is subject to review by the Board. RCW
28B.16.100(2). On review, the Board must make findings
and conclusions from the evidence, and must state the rea-
sons for the action it has taken. RCW 28B.16.140;[4] WAC

the best standards of personnel administration, regarding the basis for, and pro-
cedures to be followed for, the dismissal, suspension, or demotion of an employee,
and appeals therefrom; . . ."

[2]RCW 28B.16.100(2) provides:
"Rules and regulations adopted and promulgated by the higher education per-
sonnel board shall provide for local administration and management by the insti-
tutions of higher education and related boards, subject to periodic audit and
review by the board, of the following:
"(a) Appointment, promotion, and transfer of employees;
"(b) Dismissal, suspension, or demotion of an employee;"

[3]WAC 251-12-010 states:
"Appointing authorities may demote, suspend, reduce in salary, or dismiss an
employee under their jurisdiction for any of the following causes:
"(1) Neglect of duty.
". . .
"(4) Insubordination.
". . .
"(10) Mistreatment or abuse of fellow workers or members of the public."

[4]RCW 28B.16.140 provides:
"Within thirty days after the conclusion of the hearing the board shall make
and fully record in its permanent records findings of fact, conclusions of law when
the construction of a rule, regulation or statute is in question, reasons for the
action taken and its order based thereon, which shall be final subject to action by
the court on appeal as hereinafter provided . . ."

251–12–250.[5] Clearly, the statutes and rules and regulations vest the local administration with authority to discipline an employee in the first instance, subject to the employee's right of appeal to the Board.

Here, the Board determined from the evidence that cause for dismissal did not exist. It found that the acts complained of did not constitute neglect of duty or mistreatment or abuse of fellow workers or members of the public. It also found that the alleged insubordination charge was minor and not cause for dismissal, but justified a 5–day suspension. Since cause for dismissal did not exist, the discharge from employment by the appointing authority was found unjustified and improper. While the Board did not explicitly state that the appointing authority abused his discretion in discharging the employee, such determination is implicit in the findings and conclusions. In the interest of clarity, the Board should include in its findings a statement as to whether the appointing authority abused his discretion.

The review by the Board of the action of the local appointing authority is clearly mandated by RCW 28B.16. The Board acted within the scope of, and to carry out, its statutory functions. Further, its action was taken after due deliberation, was not arbitrary or capricious and, therefore, will not be reversed on appeal. RCW 28B.16.150; RCW 28B.16.160.[6]

---

[5]WAC 251–12–250 states:

"Within 30 days after the conclusion of the appeal hearing, the board shall make and fully record in its permanent records, findings of fact, conclusions of law, when the construction of a rule, regulation or statute is in question; reasons for the action taken and its order based thereon, which shall be final subject to action by the court on appeal . . ."

[6]RCW 28B.16.150 allows appeal to superior court from the Board's order and sets forth the grounds including, among other things, arbitrary or capricious acts by the Board. RCW 28B.16.160 provides that the appellate court may reverse or modify the Board's order on any of the statutory grounds stated.

The judgment of the trial court is affirmed.

MUNSON, C.J., and McINTURFF, J., concur.