[No. 3549–II. Division Two. December 28, 1979.]

GREEN RIVER COMMUNITY COLLEGE, ET AL, *Appellants,* v.
HIGHER EDUCATION PERSONNEL BOARD, ET AL,
*Respondents.*

*Slade Gorton, Attorney General,* and *Sally P. Austin* and *David A. Saraceno, Assistants,* for appellants.

*Slade Gorton, Attorney General, Thomas F. Carr, Assistant, Franklin L. Dennis, R. T. Oliver, Audrey B. Eide,* and *Dean A. Floyd,* for respondents.

REED, J.—Green River Community College, Grays Harbor Community College, and Lower Columbia Community College (hereinafter plaintiffs) appeal the trial court's grant of summary judgment upholding the validity of WAC 251–14–100(1) and 251–14–110(1). Defendant, Higher Education Personnel Board (hereinafter HEP Board), promulgated these rules pursuant to its perceived authority under RCW 28B.16.100(12). The rules concern compulsory mediation and binding arbitration of impasse issues arising from collective bargaining negotiations between a higher education institution and the employees' bargaining representative. Shortly after the action was filed, the HEP Board joined as additional defendants the Washington Federation of State Employees and the Washington Public Employees Association. Upon cross motions for summary judgment, the trial court granted defendants' motion and upheld the WAC rules, despite the absence of express authority, holding that the enacting statute's legislative history indicates an intent to permit binding arbitration. We disagree.

At the time this suit was originally filed, Grays Harbor Community College and Lower Columbia Community College had reached an impasse with employee representatives over proposed substantive articles of their employment contracts. Similarly, Green River Community College had reached an impasse with its employees' representative over an issue of negotiation procedure. Pursuant to WAC 251–14–100(1),[1] the respective employees' representatives submitted the impasse issues to the HEP Board Director for mediation. Thereafter, because the mediation efforts were unsuccessful, the employee representatives submitted the

---

[1]WAC 251–14–100(1) provides:

"When agreement cannot be reached within a reasonable time in collective bargaining between an institution and the certified exclusive representative of the employees in the bargaining unit, either party may submit the impasse issues to the director or designee who shall confer with both parties in an effort to resolve the impasse."

issues to the HEP Board for final and binding arbitration.[2] Dissatisfied with the prospect of binding arbitration, plaintiffs filed suit seeking declaratory judgment in an effort to block the arbitration proceedings.

On appeal plaintiffs' only contention is that the regulations exceed the HEP Board's statutory authority under RCW 28B.16.100(12). Specifically, plaintiffs claim that the HEP Board is without authority to mediate or arbitrate impasse issues arising from the collective negotiation process.

■ All parties agree that an agency created by statute has only those powers expressly granted or necessarily implied from the statute. *Washington Water Power Co. v. State Human Rights Comm'n*, 91 Wn.2d 62, 586 P.2d 1149 (1978); *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.*, 89 Wn.2d 688, 575 P.2d 221 (1978). The agency cannot legislate and its rules must be within the ambit of its statutory framework. *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd., supra.* In reviewing an agency's regulation there is a presumption in favor of the regulation's validity unless the rule is not reasonably consistent with the statute it purports to implement. *Weyerhaeuser Co. v. Department of Ecology*, 86 Wn.2d 310, 545 P.2d 5 (1976); *Barnes v. Washington Natural Gas Co.*, 22 Wn. App. 576, 591 P.2d 461 (1979). The agency's interpretation of the enabling legislation is relevant in ascertaining legislative intent only when the statute itself is ambiguous. *Municipality of Metro Seattle v. Department of Labor & Indus.*, 88 Wn.2d 925, 568 P.2d 775 (1977); *Fecht v. Department of Social & Health Servs.*, 86 Wn.2d

---

[2]WAC 251–14–110(1) and (3) state:

"(1) When the director or designee is unable to resolve the collective bargaining impasse, the institution or the certified exclusive representative may submit such impasse to the board for arbitration.

". . .

"(3) The board shall hold such hearings which may be conducted in the same manner as provided for appeals from layoffs, demotion, suspensions, reductions and dismissals, and the decision of the board shall be final and binding."

109, 542 P.2d 780 (1975). The question before us, then, is whether the legislature intended to infuse the HEP Board with discretionary authority to mediate and arbitrate unresolved issues arising from collective bargaining negotiations. The HEP Board's sole basis for the authority is under RCW 28B.16.100(12).

■■ Any inquiry into legislative intent requires an examination of the statute as a whole and consideration of its purpose. *Washington Water Power Co. v. State Human Rights Comm'n, supra.* Absent express definition, words must be given their ordinary and everyday meaning. *New York Life Ins. Co. v. Jones,* 86 Wn.2d 44, 541 P.2d 989 (1975); *Bixler v. Hille,* 80 Wn.2d 668, 497 P.2d 594 (1972).

The purpose of RCW 28B.16 is to establish an orderly system of personnel administration for institutions of higher education. The system is to provide for uniform procedures in such areas as appointment, promotion, transfer, layoff, retention, pay plans, discipline, and employee welfare. RCW 28B.16.010. RCW 28B.16.100 directs the HEP Board to adopt rules

> consistent with the purposes and provisions of this chapter and with the best standards of personnel administration, regarding the *basis and procedures* to be followed for:
>
> . . .
>
> (12) Agreements between institutions or related boards and certified exclusive bargaining representatives providing for grievance procedures and collective negotiations on all personnel matters over which the institution or the related board may lawfully exercise discretion;

(Italics ours.) RCW 28B.16.101 further circumscribes the HEP Board's discretionary authority over matters of local personnel administration and management. By delineating several specified areas, RCW 28B.16.101 requires the HEP Board to preserve the institutions' local management authority. *Cf. Loosier v. Spokane Community College,* 18 Wn. App. 793, 571 P.2d 970 (1977) (wherein the court acknowledged the HEP Board's review powers were expressly provided for by the statute).

■ Reading the statute as a whole, it becomes apparent that the legislature did not intend the HEP Board to actively participate in bargaining negotiations as final arbiter of impasse issues. RCW 28B.16.100(12) authorizes the HEP Board to adopt rules of "basis and procedures" only, not to enter the negotiations and impose a final resolution to bargaining disputes.[3] Rules of basis and procedure concern the machinery for carrying on negotiations and do not encompass regulation of an agreement's substance.[4] Black's Law Dictionary 192, 1367 (4th rev. ed. 1968).

Both the defendants and the lower court attach significance to the legislature's failure to amend RCW 28B.16.100 after the HEP Board's adoption of the mediation and arbitration rules. Although we recognize there have been several amendments to RCW 28B.16, we decline to hold the legislature acquiesced in the HEP Board's interpretation by its mere failure to react in a timely manner. *Jepson v.*

---

[3]Contrast RCW 28B.16.100(12) with RCW 41.56.430–.490 and RCW 49.66-.080–.110, wherein the legislature specifically grants the power of impasse resolution by mediation and arbitration. Reading those statutes in pari materia we conclude that had the legislature intended to convey the authority to mediate and arbitrate it would have done so with greater precision.

[4]In recognizing the significance of the Higher Education Personnel Board's (HEP Board) authority to generate rules of basis and procedure for collective negotiations, we note that under RCW 28B.16.100(12) the HEP Board may promulgate rules identifying impasse issues and when those issues must be subjected to binding arbitration. We do not, however, perceive the terms "basis" and "procedure" to be a delegation of discretionary authority entitling the HEP Board to decide the merits of a collective bargaining dispute. Nowhere in RCW 28B.16.100 is the HEP Board given discretionary authority to do other than provide for a uniform system for the state's higher education institutions. Contrary to the HEP Board's argument, promulgation of rules regarding the basis of collective negotiations does not convey discretionary authority over a specific agreement's substance. Without deciding the propriety of any specific regulation, we are inclined to believe that the HEP Board could promulgate rules whereby arbitration is required in the event of a bargaining impasse. However, the HEP Board's involvement is limited to designating a uniform procedure in which an impartial arbitration panel is elected by the bargaining parties. In the event a party refuses to comply with such a good faith bargaining procedure, its actions would be subject to scrutiny as an unfair labor practice under RCW 28B.16.230 and its related sections.

*Department of Labor & Indus.*, 89 Wn.2d 394, 573 P.2d 10 (1977). RCW 28B.16.100 unambiguously authorizes the HEP Board to adopt rules of basis and procedure only.[5] Absent a more specific delegation of authority from the legislature, WAC 251–14–110(1) is neither entitled to a presumption of validity nor is it within the HEP Board's authority granted under RCW 28B.16.100.

Unlike WAC 251–14–110(1), however, WAC 251–14–100(1) is within the HEP Board's authority. WAC 251–14–100(1) provides for mediation of impasse issues by the HEP Board director or designee at the request of either party to the collective bargaining negotiation. The rule defines only the basis for and invocation of the mediation procedure, and does not vest the HEP Board with resolution authority beyond verbal suasion. Accordingly, we affirm the lower court's decision insofar as it upheld WAC 251–14–100(1), but reverse that portion of the judgment upholding WAC 251–14–110(1).

PEARSON, C.J., and SOULE, J., concur.

Reconsideration denied February 27, 1980.

Review granted by Supreme Court March 24, 1980.

---

[5]As a collateral observation, we note that even if RCW 28B.16.100 was ambiguous and examination of the legislative history was therefore appropriate, our holding in this case would remain the same. When the forty–first legislature first enacted RCW 28B.16 it had before it a report prepared by the Temporary Advisory Council on Public Higher Education. That document, entitled *Report on Higher Education in Washington* (1969), referred to the Higher Education Personnel Board's (HEP Board) role in collective negotiations as a "third party" role. We believe that by generating rules of basis and procedure calling for a fair and expedient system of collective negotiations the HEP Board has fulfilled its third-party function without deciding the merits of an individual dispute in a specific contract negotiation. Accordingly, even if we were to conclude RCW 28B.16.100 was an ambiguous delegation of rule–making authority, we believe the result in this case would be unchanged.