[Nos. 3793-2-III; 3795-9-III.   Division Three.   July 2, 1981.]

THE CITY OF YAKIMA, ET AL, *Respondents,* v. YAKIMA POLICE AND FIRE CIVIL SERVICE COMMISSION, ET AL, *Appellants.*

*G. Thomas Dohn* and *McArdle, Dohn & Talbott,* for appellants.

*John S. Moore, Velikanje, Moore & Shore, William Almon,* and *Thorner, Almon, Kennedy & Gano,* for respondents.

McInturff, C.J.—Tony Sloan and the Yakima Police and Fire Civil Service Commission (Commission) appeal a

writ of prohibition restraining review of a letter of reprimand issued to Mr. Sloan from the City Manager of Yakima.

Mr. Sloan, A Yakima fire inspector, sought review by the Commission of his letter of reprimand. The basis for the reprimand is not before us. The disciplinary letter, as noted by the court's memorandum opinion, has the effect of avoiding Mr. Sloan's promotional eligibility. The Commission determined it had the authority to investigate the matter; however, prior to the hearing the City of Yakima (City) petitioned the superior court for a writ of prohibition to restrain the Commission's review. After oral argument the court prohibited the Commission from hearing the appeal. This appeal is the result of the trial court's order.

The City has moved to dismiss the appeal on the ground the record is insufficient for review. The record contains, among other things:

(a) The court's memorandum opinion and order;
(b) Petition and affidavit for writ of prohibition;
(c) Answer to writ of prohibition;
(d) Order on writ of prohibition;
(e) Motion for temporary restraining order;
(f) Affidavit in opposition to respondent's temporary restraining order;
(g) Report of proceedings on motion to set aside temporary restraining order and writ of prohibition.[1]

The motion is denied because the record is sufficient to present the legal question raised. It will not be mechanically dismissed, but viewed on the merits. Washington State statutes can be judicially noticed by all courts of this state. *Gross v. Lynnwood,* 90 Wn.2d 395, 397, 583 P.2d 1197, 96 A.L.R.3d 187 (1978); *Olympia v. Nickert,* 118 Wash. 407, 203 P. 946 (1922). The Superior Court, in its

---

[1]The motion to supplement the record by including verbatim report of proceedings before the Yakima Police and Fire Civil Service Commission was denied by the acting commissioner because all parties agreed the transcript of proceedings before the civil service commission was not considered by the trial court. *See* RAP 1.1(f).

memorandum opinion and order, relied upon state statutes, as well as applicable provisions of the City ordinances, and the rules and regulations of the Yakima Police and Fire Civil Service Commission.[2] This law forms the legal foundation upon which the Commission determined it possessed jurisdiction and also upon which the Superior Court decided it did not. Thus, we conclude the record is adequate to review the question of law presented. *See* RAP 1.2(a), (c); *see also Millikan v. Board of Directors*, 92 Wn.2d 213, 215, 595 P.2d 533 (1979).

The gravamen on appeal is whether the Commission possessed jurisdiction to review the letter of reprimand issued by the City. The adversarial lines of dispute have been sharply drawn.

The City claims the Commission does not possess jurisdiction to conduct an investigation into this matter. The City relies upon RCW 41.08.010 which states:

> The provisions of this chapter shall have no application to cities and towns which at the present time have provided for civil service in the fire department or which shall subsequently provide for civil service in the fire department by local charter or other regulations which said local charter or regulations substantially accomplish the purpose of this chapter.

Subsequent to this delegation of authority, the City legislative body established the Police and Fire Civil Service Commission by Yakima Municipal Code 1.46.010 which provides:

> [A]ll employment, advancement and demotion therein and discharge therefrom shall be under the control of and governed by the civil service commission provided

---

[2] The City cites several cases for the proposition that the reviewing court must have before it the entire record presented to the trial court. These cases state the fundamental rule that appellate courts may not consider matters outside the record and deal almost exclusively with summary judgments. Since this is not an appeal from a summary judgment, the cases have little application. They did not specifically deal with judicial notice of Washington State statutes or ordinances. *See Millikan v. Board of Directors*, 92 Wn.2d 213, 215, 595 P.2d 533 (1979); *LeBeuf v. Atkins*, 93 Wn.2d 34, 36, 604 P.2d 1287 (1980).

for by this chapter, which commission shall adopt and promulgate civil service rules and regulations which substantially accomplish the purpose of RCW Chapter 41.08.

The City maintains the Commission responded to the delegation of authority from the City and provided for specific areas of review under Rule 23, § 2 (of the rules and regulations of the Commission) which states in part:

Any person so removed, suspended, demoted or discharged, may, within 10 days from the date of his removal, suspension, demotion or discharge file with the Commission a written demand for investigation, whereupon the Commission shall conduct such investigation. The investigation shall be confined to the determination of the question of whether such removal, suspension, demotion or discharge was or was not made for political or religious reasons, or was or was not made in good faith or for good cause.

Consequently, the City argues that Yakima Municipal Code and rules and regulations of the Commission substantially accomplish the purpose of RCW 41.08 and therefore under the state statute's preamble it is not applicable to the instant case.

Mr. Sloan and the Commission in contradistinction argue the grant of investigative authority to the Commission under 41.08 is sweeping and not limited to areas specified under the general rules and regulations promulgated by the Commission but extend to situations where a fireman's promotion and tenure are threatened by disciplinary action.[3] They contend if the Commission is to have any effectiveness it must have jurisdiction to investigate and review all matters referred to it. The Commission and Mr. Sloan take the position RCW 41.08 vests the Commission with broad investigatory and review powers. In addition to the rule–making authority under RCW 41.08.040(1), RCW 41.08.040(4) provides in relevant part:

---

[3]The instant Civil Service Commission Rule 12, § 6 states in part:

"Applicants for promotion to any position must not have had an unsatisfactory rating on any efficiency rating item during the previous two years, nor any disciplinary action reflected during this period."

The commission shall make investigations concerning and report upon all matters touching the enforcement and effect of the provisions of this chapter, and the rules and regulations prescribed hereunder;

Additionally, RCW 41.08.040(6) provides it shall be the duty of the Commission:

To hear and determine appeals or complaints respecting the administrative work of the personnel department; appeals upon the allocation of positions; the rejection of an examination, *and such other matters as may be referred to the commission.*

(Italics ours.) Moreover, the Commission and Mr. Sloan maintain the Commission's rules and regulations adopt all power and duties prescribed by statute. Rule 27 states:

Generally, the Civil Service Commission shall have all the powers and perform all the duties set forth in said Civil Service Acts and Acts amendatory thereof or supplemental thereto.

We agree.

The State legislature adopted RCW 41.08 in 1935 to provide civil service for city firemen. The statute does not mandate compliance with the methods used in the statute; rather, it *requires* substantial accomplishment of its purpose. The statute intended to allow cities and towns a local option as to methods and techniques of setting up a civil service system to substantially accomplish the purpose of civil service.

The purpose of the civil service law is to establish an orderly system of personnel administration and management and to provide tenure and *a merit system of appointment and promotion.*

(Italics ours.) *Bellingham Firefighters Local 106 v. Bellingham,* 15 Wn. App. 662, 665, 551 P.2d 142 (1976). It is the civil service commission which acts as a sentinel to safeguard the system and effectuate that purpose.[4] The court

---

[4] "Civil service laws for public employees have been widely approved and are designed to give security and protection to faithful, honest, and competent public employees and officials . . . thereby promoting the efficiency of the service." 15A Am. Jur. 2d *Civil Service* § 1, at 5 n.1 (1976).

in *Patton v. Wheelon,* 65 Wn.2d 320, 325, 396 P.2d 985 (1964) stated:

> The civil service commission is and remains a quasi-judicial organ of municipal government created to adjudicate controversies arising under and out of the classified civil service system.

Additionally, we note former RCW 41.06.010 sets forth the purposes of the statutes providing for civil service as follows:

> The general purpose of [state civil service law] is to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, layoff, recruitment, retention, classification and pay plan, removal, *discipline* and welfare of its civil employees, and other incidents of state employment. All appointments and promotions to positions, and retention therein, in the state service, shall be made on the basis of policies hereinafter specified.

(Italics ours.)

Since RCW 41.08.010 requires local ordinances and regulations to "substantially accomplish" the purpose of the civil service act, we conclude that denying the Commission discretion to review disciplinary actions taken against civil service employees would effectively emasculate the principles of the act.[5] We deem the grant of reviewing authority necessary to substantially accomplish the purpose of the act encompasses the present circumstances.[6] As stated by the court in *Bellingham Firefighters Local 106,*

---

[5] The construction of a statute by an administrative agency charged with administering it is entitled to great weight by the courts. *Gross v. Lynnwood, supra* at 399. We agree with the Commission's jurisdictional claim over the instant disciplinary action since it does not conflict with legislative intent behind the civil service laws as encompassed by RCW 41.06.010. *See also Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.,* 89 Wn.2d 688, 695, 575 P.2d 221 (1978).

[6] In its memorandum opinion the court stated:
"That the commission is authorized to make a rule granting the right of review of the disciplinary actions by employers seems clear from RCW 41.08.040(1)."

*supra* at page 665:

> Respondents urge the court to interpret [RCW 41.08-.010] to apply the exemption solely because civil service was provided for the Bellingham city fire department prior to the enactment of the state law in 1935. . . . This interpretation would give a city exemption from the state law *solely* because it had some form of civil service in effect prior to the state statute, *even though that civil service might defeat the purpose of the state law* . . . That interpretation would make it unnecessary to determine whether the Bellingham charter does or does not substantially accomplish the purpose of the state statute. We agree with the trial judge who refused to adopt that interpretation of the statute. . . . *We interpret RCW 41.08.010 to mean that the state law does not apply to the City of Bellingham if its charter and regulations substantially accomplish the purpose of the state law.*

(Italics ours.)

The letter of reprimand in Mr. Sloan's personnel file has had serious impact upon his career and promotional opportunity. If the Commission is prohibited from reviewing actions of employers which threaten the advancement or tenure of civil employees, the Commission will be unable to substantially accomplish its statutorily mandated functions.[7] An agency created by statute has only those powers expressly granted or necessarily implied from the statute, and any rules adopted by it must be within the statutory framework. *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.*, 89 Wn.2d 688, 694, 575 P.2d 221 (1978). Yakima Municipal Code 1.46.030 states: "This chapter is adopted pursuant to authority granted by RCW

---

[7]In *Reeb v. Civil Serv. Comm'n*, 31 Colo. App. 488, 503 P.2d 629, 631 (1972), the Colorado Supreme Court decided a permanently certified employee under civil service may be removed or disciplined only upon written charges and hearing. *See also Civil Rights Div. v. Williams*, 28 Or. App. 651, 560 P.2d 673, 675 (1977). As stated in *Thompson v. Secretary of State*, 19 Or. App. 74, 81, 526 P.2d 621, 624 (1974):

> Employers remain obligated to establish in a hearing before the Board or its agents following reasonable notice facts that support the charges upon which they base their disciplinary actions. The Board must still determine whether the disciplinary action was taken in "good faith," . . .

41.08.010." The preamble of the general rules and regulations of the Yakima Civil Service Commission states its rules and regulations are adopted from RCW 41.08.010 to RCW 41.08.910 inclusive. RCW 41.08.040(1) requires the Commission to make suitable rules not inconsistent with RCW 41.08. Rules adopted by an administrative agency which is specifically granted rule–making powers by statute, are presumed valid and will be upheld if reasonably consistent with the statutes they implement. *Anderson, Leech & Morse, supra* at 695. The regulations are effective unless "in conflict with the intent and purpose of the legislation." *Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 317, 545 P.2d 5 (1976). The adoption of Rule 27 by the Commission was to insure substantial compliance with RCW 41.08.[8] Since civil service may be provided for by the charter of a city, the charter, when adopted, and the ordinance and regulations enacted thereunder, become fundamental law.[9]

The Commission is further compelled pursuant to RCW 41.08.040(6) to hear and determine appeals or complaints respecting administrative work, rejection, "and such other matters as may be referred to the commission." Mr. Sloan's letter of reprimand was undeniably referred to the Commission. The Commission interpreted state law and its own rules and regulations to require an investigation of the matter within the framework and policy of the statute. *Burlington N., Inc. v. Johnston,* 89 Wn.2d 321, 326, 572 P.2d 1085 (1977). If the pertinent provisions of the civil service act are not considered to have been adopted by the City of Yakima and its civil service commission, then the stated adoption in the rules and regulations is meaningless,

---

[8]"The provisions of the civil service law are all intended to be operative in the sense that the whole law should have a harmonious operation conducive to its object, and should have a practical application . . . to people . . ." 15A Am. Jur. 2d *Civil Service* § 5 (1976).

[9]"[A] valid substantive regulation [*e.g.* Rule 27] has the same force and effect as a statute." B. Schwartz, *Administrative Law* § 59 (1976).

the preamble to the rules is meaningless, and the Yakima Charter mandating that the "commission shall adopt and promulgate civil service rules and regulations which substantially accomplish the purpose of RCW Chapter 41.08" is meaningless.

A provision of a municipal charter adopting and making all of the provisions of the general statutes of the state relating to municipal civil service a part of the municipal charter, makes such general statutes, as existing at any particular time, a part of the municipal civil service, even though those statutes may be identified as part of the state code.

15A Am. Jur. 2d *Civil Service* § 9 (1976).

▆▆▆▆ Since rules of the civil service commission, adopted pursuant to the City Charter, have the force and effect of law, the ordinary rules of statutory construction are applicable to them. *State ex rel. George v. Seattle,* 184 Wash. 560, 564, 52 P.2d. 360 (1935). Statutes should be construed as a whole to give every clause significance. *Green River Community College v. Higher Educ. Personnel Bd.,* 25 Wn. App. 370, 374, 604 P.2d 530 (1979). Construction placed upon a statute by an agency charged with its administration is entitled to considerable weight. *Washington State Nurses Ass'n v. Board of Medical Examiners,* 93 Wn.2d 117, 121, 605 P.2d 1269 (1980). The judiciary will generally defer to an agency judgment when it interprets its own rules because the agency is best qualified when acting within the ambit of its administrative function. *State Utils. & Transp. Comm'n v. United Cartage, Inc.,* 28 Wn. App. 90, 95, 621 P.2d 217 (1981). The Civil Service Commission determined it had jurisdiction, under its delegation of authority and its rules and regulations, to hear the appeal requested by Mr. Sloan.[10] As stated in *Anderson, Leech & Morse, supra* at page 695:

---

[10]The court stated in its memorandum opinion: "It is not clearly apparent" the Commission had jurisdiction to respond to Mr. Sloan's demand for an investigation. Our Supreme Court has ruled the Commission may interpret its rules when there is ambiguity:

The rules applicable to these broad grants of power are not new. Where, as in the instant case, the legislature has specifically delegated rule–making power to an agency, the regulations are presumed valid. . . . One asserting invalidity has the burden of proof, and the challenged regulations need only be reasonably consistent with the statutes they implement. . . . The regulation will not be struck down unless "compelling reasons are presented sufficient to show the scheme is in conflict with the intent and purpose of the legislation." . . .

. . . [T]his court cannot be called upon to substitute its judgment for that of the administrative body acting within its statutory powers.

The obvious legislative intent behind RCW 41.08 was to insure "local charter or regulations substantially accomplish the purpose of this chapter." RCW 41.08.010. This cannot be accomplished by denying the Commission the opportunity to review "all matters touching the enforcement and effect of the provisions of this chapter. . ." RCW 41.08-.040(4). By limiting its review authority to strictly matters of removal, suspension, demotion, or discharge, we remove from the Commission the ability to substantially accomplish that which the legislature mandated by State Civil Service Law, *i.e.,* a system based upon merit principles[11] to govern discipline of civil service employees. *See* RCW 41.06.010, *supra.*

Judgment of the Superior Court is reversed; the matter is referred to the Civil Service Commission for review in

---

The civil service commission may construe its own rules when they are subject to construction, that is, where they are capable of two interpretations. *State ex rel. George v. Seattle, supra* at 565.

[11]"A merit system 'in modern government means *a personnel system in which comparative merit [or] achievement governs each individual's selection and progress . . . and in which the conditions and rewards of performance contribute to the competency and continuity of the service.*'" *State Civil Service Law—Civil Service Restrictions on Contracting Out by State Agencies,* 55 Wash. L. Rev. 419, 420 n.9 (1980).

accordance with this opinion.

Munson and Roe, JJ., concur.

Reconsideration denied August 27, 1981.

Review denied by Supreme Court October 30, 1981.