[No. 12367-7-III. Division Three. June 24, 1993.]

TEAMSTERS FOOD PROCESSING EMPLOYEES, PUBLIC
EMPLOYEES, WAREHOUSEMEN AND HELPERS,
LOCAL UNION NO. 760, *Appellant,* v.
THE CITY OF MOSES LAKE,
ET AL, *Respondents.*

*James D. Oswald* and *Davies, Roberts & Reid,* for appellant.

*James A. Whitaker, City Attorney,* for respondents.

MUNSON, J. — On January 23, 1990, the Moses Lake City Council passed Ordinance 1413 which specifically excepted from the City's police civil service all noncommissioned positions in the police department, including but not limited to secretaries, clerks, dispatchers and utility officers. The Teamsters Food Processing Employees, Public Employees, Ware-

housemen and Helpers, Local Union 760, as collective bargaining representative for the noncommissioned police department employees, sought declaratory relief alleging that a local system which excludes these noncommissioned employees does not "substantially accomplish the purpose of" RCW 41.12 which extends civil service protection to all full-time employees of the department.

The trial court granted partial declaratory judgment, concluding the utility officer was entitled to civil service protection, but not the full-time communications officers or clerks. The Teamsters appeal the exclusion of the communications officers and clerks. The respondents cross-appeal, contending the utility officer should not be included. We affirm the inclusion of the utility officer and reverse the exclusion of the communications officers and clerks.

### FACTS

Among the 10 excluded employees are 1 utility officer, 5 communications officers, and 3 clerks, all of whom are full paid employees of the police department. The utility officer is currently responsible for issuing notices of civil infractions including violations of the City's animal control ordinances. He also fills in as an interpreter and assists commissioned officers with traffic control and transportation of prisoners. The communications officers are dispatch operators and maintain radio contact with the police officers. The clerks serve as relief dispatchers and perform administrative functions for the department.

### MOSES LAKE'S CIVIL SERVICE SYSTEM

RCW 41.12 governs the establishment of civil service for city police officers. RCW 41.12.010 provides:

> *The provisions of this chapter shall have no application to cities and towns which at the present time have provided for civil service in the police department . . . which . . . substantially accomplish the purpose of this chapter . . ..*

(Italics ours.) RCW 41.12.050 provides: "The classified civil service and provisions of this chapter shall include all *full*

*paid employees of the police department* of each city, town or municipality coming within its purview". (Italics ours.)

Moses Lake has adopted a civil service system for the police department. Sections 2.80.010 and 2.80.030 of the Moses Lake Municipal Code exempt from the civil service system those employees of the police department who are not commissioned police officers.

The Teamsters contend that a local system which excludes these noncommissioned employees does not "substantially accomplish the purpose of" the state law which extends to all full-time employees of the department, and the statutory system therefore applies. Moses Lake alleges that the purpose of the statute is substantially accomplished by its ordinance because it covers all employees who are performing traditional "police" functions.

Civil service laws are intended to establish an orderly system of personnel administration based upon merit principles of appointment, promotion, and discipline. *Crippen v. Bellevue*, 61 Wn. App. 251, 257, 810 P.2d 50, *review denied*, 117 Wn.2d 1015 (1991).

Our courts have held that local variations of the state civil service system can still "substantially accomplish" the purpose of civil service. *Samuels v. Lake Stevens*, 50 Wn. App. 475, 479, 749 P.2d 187 (local ordinance provides a 1-year probationary period), *review denied*, 110 Wn.2d 1031 (1988); *Arbogast v. Westport*, 18 Wn. App. 4, 6-7, 567 P.2d 244 (1977) (1-year probationary period), *review denied*, 89 Wn.2d 1017 (1978); *Bellingham Firefighters Local 106 v. Bellingham*, 15 Wn. App. 662, 666, 551 P.2d 142 (1976) (promotions made from top three candidates).

The rules of a city civil service commission adopted pursuant to rule-making powers granted by statute are presumed to be valid and will be upheld if they are reasonably consistent with the statutes they implement. *Yakima v. Yakima Police & Fire Civil Serv. Comm'n*, 29 Wn. App. 756, 764, 631 P.2d 400, *review denied*, 96 Wn.2d 1013 (1981).

■ Under RCW 41.12.220:

> The term "city" includes all cities, towns and municipalities having a full paid police department.

> The term "full paid police department" means that the officers and policemen employed in such are paid regularly by the city and devote their whole time to police duty: PROVIDED, "full paid police department" whenever used in this chapter shall also mean "full paid policemen".

RCW 41.12.060 "grandfathers" in "all persons holding a position in the police department of any such city . . . when this chapter takes effect, who shall have served in such position for a period of at least six months . . . are . . . eligible for permanent appointment . . . without examination". When read together, the implication from these two sections makes it clear that all full paid employees are covered by civil service protection. Thus, the City of Moses Lake, by segregating commissioned and noncommissioned personnel, did not substantially accomplish the purpose of RCW 41.12.

In *Reynolds v. Kirkland Police Comm'n*, 62 Wn.2d 720, 725, 384 P.2d 819 (1963), the court stated the purpose of RCW 41.12 was to

> (1) provide for promotion on the basis of merit, (2) give police officers tenure, and (3) provide for a civil service commission to administer the system and to investigate, by public hearing, removals, suspensions, demotions, and discharges by the appointing power to determine whether such action was or was not made for political or religious reasons and whether it was or was not made in good faith for cause.

*Reynolds* did not reach the issue of who was covered by civil service because it only dealt with commissioned police officers whom it readily agreed are covered.

By our interpretation of RCW 41.12, we hold all full-time employees of a police department are covered by civil service. Those excluded would be reservists and part-time personnel. Thus, we affirm the trial court as to the utility officer and reverse as to the other full-time employees of the Moses Lake Police Department.

SHIELDS, C.J., and SWEENEY, J., concur.